MARY DEVITT, Respondent, *v.* PACIFIC RAILROAD, Appellant.

1. *Practice, civil — Additional instruction.* — If the law has already been correctly laid down in an abstract form for one party to a cause, but the other, in order to prevent misconception, asks to have it applied to the facts as he claims them to be, by an additional appropriate instruction, it should be granted.

2. *Action for damages by employee — Negligence of employer — Contributory negligence.* — If the principal has been guilty of fault or negligence, either in providing suitable machinery, or in the selection or employment of agents or servants, and injuries arise in consequence, he must respond in damages.  But when the servant himself, well knowing the default of his principal, as in providing defective or unsuitable machinery, voluntarily enters upon the employment, he assumes the risk and cannot hold his employer for the consequences.

*Appeal from Kansas City Court of Common Pleas.*

*J. N. Litton*, for appellant.

If Devitt knew of the exposure to danger in having to pass under the bridge, and with such knowledge consented to and did continue in this service, he could not recover. (Hayden v. Smithville Manuf. Co., 29 Conn. 548 ; Owens v. N. Y. Central R.R., 1 Lansing, N. Y., 108 ; Wright v. N. Y. Central R.R. Co., 25 N. Y. 566 ; Dynen v. Leach, 26 Law Jour., N. S. Exch., 221 ; Alsop v. Yates, 27 Law Jour., N. S. Exch., 156 ; Buzzell v. Laconia Manuf. Co., 48 Me. 114 ; McGlynn v. Brodie, 31 Cal. 376 ; Davis v. Detroit & Milwaukee R.R., 20 Mich. 105 ; Thayer v. St. Louis, Alton & Terre Haute R.R., 22 Ind. 26 ; Ind. & Cinn. R.R. v. Love, 10 Ind. 554 ; Frazier v. Pennsylvania R.R., 38 Penn. St. 104 ; Griffiths v. Gidlow, 3 Hur. & Nor. 648 Exch. ; Skipp v. Eastern Railway Co., 9 Exch. 223 ; Wonder v. Balt. &

Devitt v. Pacific Railroad.

O. R.R., 32 Md. 411–420; Moss v. Johnson, 22 Ill. 633; Farwell v. Boston & Worcester R.R., 4 Metc. 57; Coon v. Utica & Erie R.R., 6 Barb., N. Y., 241; 3 Robt., N. Y., 74; Ogden v. Rummens, 3 Foster & F. 751; Smith v. Dowell, *id*. 238; Priestly v. Fowler, 3 Mees. & W. 1; Coombs v. New Bedford Cordage Co., 102 Mass. 572; Greenleaf v. R.R., 29 Iowa, 14; Sehouler Dom. Rel. 620; Shearman & R. Negl. 118, § 94; Pierce Am. Railw. 297.)

*W. E. Sheffield*, for respondent.

I. As to the question of the negligence of the appellant and also of James Devitt, the instructions given by the court present the matter quite as strongly in favor of the appellant as the law will warrant.

II. No laches or neglect is imputable to an infant during his minority, because he is not supposed to be cognizable of his rights or capable of enforcing them.

BLISS, Judge, delivered the opinion of the court.

The plaintiff recovered damages below, under the third section of the damage act, for the death of her minor son while in defendant's employ. The facts are undisputed. The plaintiff's son was a brakeman on a freight train, and was killed while at his brake upon the top of a freight car, in passing through Post Oak bridge, the cross timbers on the top of the bridge being so low as to strike his head. The accident occurred in the day time, and it was shown that deceased had been in defendant's employ about three weeks; that he had passed this bridge every day during that time; that he had repeatedly been warned to look out for this and other bridges; that when last seen, just before reaching the bridge, he was sitting upon his brake, facing it. The following instructions, asked by defendant and refused, raise the only legal questions necessary to be considered:

"If the jury believe from the evidence that the deceased, James Devitt, while in the employment of his duty as brakeman, passed over the bridge in question (Post Oak bridge) daily for the space

of two or three weeks, and that he knew the danger of coming in contact with the top of said bridge, and that his attention had been called to the danger of injury from the lowness of the bridges on his route, and that with this knowledge he sat upon the top of the brake on the freight car, and while so sitting there was in passing struck by the top thereof and killed, then the jury are instructed that this was contributory negligence on the part of deceased, and that plaintiff cannot recover."

"If the deceased knew of the exposure to danger in serving as brakeman for defendant upon a train having to pass bridges insufficiently high to permit him to pass under them, while standing at full height on the top of a car, and with such knowledge consented to and did continue in the service of the defendant as such brakeman, and was thereafter killed by coming in contact with the top of one of said bridges, then the plaintiff cannot recover from the defendant from any negligence in the construction of the bridge."

Both these instructions should have been given. Upon the facts supposed in one, the deceased was killed in consequence of his own negligence, which not only contributed to, but was the immediate cause of, his death; and upon the hypothesis embraced in the other, the deceased voluntarily encountered the danger, took upon himself the risk of the low bridge, well knowing its height; and even though it was wrongfully built at that height, and would charge the defendant under other circumstances, the plaintiff cannot recover.

1. Upon the facts first supposed, it would almost seem that the deceased committed suicide; at least that he was trying the extremely hazardous experiment of sitting upon the brake, which was a high one, and which elevated him higher than he would have been upon his feet, to see whether he could stoop sufficiently to clear the timber. It would be difficult to imagine a clearer case of contributory negligence, and if one guilty of it could recover, or his friends for him, if the experiment proved fatal, we must necessarily ignore the legal consequences of such negligence. Upon this point counsel claim that the jury had already been properly instructed, and that the instruction refused was superfluous. It

is true that the jury had been told that if they believed that said Devitt was killed by reason of the negligence of defendant in building the bridge, "without negligence on his part contributing thereto," they should find for plaintiff. This proviso in regard to contributory negligence was general in its terms, and might not be understood by the jury. We all know that jurors, where, as in Missouri, verbal explanation by the court is forbidden, are liable to be deceived as to the law, even when correctly stated. Instructions are apt to assume too much of an abstract character; and if the other party, in order to prevent misconception, ask to have the law applied to the facts, as he claims them to be, by an additional appropriate instruction, it should be given. The jury might not know what was contributory negligence, and therefore the defendant had a right to have the matter explained, and to require that they be told that certain facts which the evidence tended to establish constituted such negligence.

2. Upon the other point the law is settled. An employee or servant cannot recover for injuries received from the negligence of other servants when the principal is not at fault. But if the principal has been guilty of fault or negligence, either in providing suitable machinery, or in the selection or employment of agents or servants, and injury arise in consequence, he must respond in damages. This liability is, however, modified when the servant himself, well knowing the default of his principal, as in providing defective or unsuitable machinery, voluntarily enters upon the employment. By so doing he assumes the risk, and hence cannot charge it to his employer. (Wright v. N. Y. C. R.R., 25 N. Y. 566; Buzzell v. Laconia M. Co., 43 Me. 113; Thayer v. St. L. & T. H. R.R., 22 Ind. 26; Hayden v. Smithville M. Co., 29 Conn. 548; Mad River & L. E. R.R. v. Barber, 5 Ohio St. 541.) Much of the work of the country is done without the employment of the best machinery or the most competent men, and it would be disastrous if those prosecuting it were held to insure the safety of all who enter their service. If persons are induced to engage, in ignorance of such neglect, and are injured in consequence, they should be entitled to compensation; but if advised of it, they assume its risk. They contract with

20—VOL. L.

reference to things as they are known to be, and no contract is violated and no wrong is done if they suffer from a neglect whose risk they assumed. *Volenti non fit injuria.*

The other judges concurring, the judgment will be reversed and the cause remanded.