.Chopin vs. The Badger Paper Co.

CHOPIN, by guardian *ad litem*, Respondent, vs. THE BADGER PAPER COMPANY, Appellant.

*September 5 — October 25, 1892.*

*Master and servant: Dangerous employment: Duty to warn servant of the risk: Special verdict: Instructions to jury: Evidence.*

1. Plaintiff, a boy eighteen years old, was injured by having his hand caught between cogwheels of defendant's paper machine which he was oiling. Upon the evidence, it is *held* that it was a question for the jury whether, from his previous experience with machinery, plaintiff should have comprehended the risk so that warning or instruction by defendant was unnecessary.

2. The court submitted for answer in a special verdict the question whether plaintiff was "of sufficient age, understanding, and experience in the business" to comprehend the danger, but instructed the jury that the fact that he was of sufficient age and understanding had been conceded or established by the evidence, so that they might consider that a settled point unless they had seen something in the progress of the case or in plaintiff's conduct or manner of testifying which led them to a different conclusion. This was followed by repeated instructions that the only inquiry in answering this question was as to plaintiff's experience. *Held*, that in view of these latter instructions, the jury could not have been misled by the inclusion of the unnecessary elements in the question, or by the apparent inconsistency in the first instruction.

3. An instruction that, if the jury answered in a certain way certain questions in the special verdict, they need go no further, although it indicated to the jury the effect which their answers would have upon the judgment, is *held* not to have been error, where the jury were cautioned that they were not to consider the effect of their answers; and, in view of such caution, instructions as to the effect of the negligence of the respective parties on the general question of liability, though open to criticism, will not work a reversal. *Ryan v. Rockford Ins. Co.* 77 Wis. 611, distinguished.

4. The admission of evidence that there would have been less danger in using an oil can with a longer nozzle, and that the gearing was uncovered, was not error, the jury being instructed that these facts were merely to assist in determining how dangerous the work was.

5. Evidence that machines of this kind were not generally covered was properly excluded, there being no claim of negligence in furnishing an improper machine.
6. A refusal to submit questions for the special verdict, the answers to which would have thrown no light on the issues, is *held* proper.

APPEAL from the Circuit Court for *Outagamie* County.

This action was brought to recover damages for personal injuries suffered by plaintiff while in the employ of defendant on the 12th day of February, 1888. On that day the plaintiff, being eighteen years of age, was employed by defendant to work in some capacity about a paper machine in defendant's mill. Plaintiff claims to have been employed as a cutter boy, and defendant claims he was employed as back tender. Immediately after going to work he was sent by the foreman of the machine to oil the gearing, the machine being then in motion. The machine was what is known as a " double decker," having two rows of unprotected cogwheels, about four feet in diameter, upon one side. Each one of the upper cogwheels is geared to work into two of the lower wheels. It was the bearings on this side of the machine which the plaintiff was sent to oil. Above each of the lower wheels was a triangular space something like a foot in width at the base, and tapering upwards to four inches in width. In this triangular space, and about ten inches inside of the face of the cogwheels, was the journal of a roller called a " dryer," which carries the paper from cylinder to cylinder. This journal it was necessary to oil through a small hole in the journal box. The plaintiff was given a squirt oil can eight and one-half inches in length, and while oiling one of these journals his right hand was drawn between the upper and lower cogwheels, and so mangled as to require amputation.

The complaint charged negligence in setting plaintiff at such dangerous work without experience, and without instruction or caution as to its dangerous character. The

answer consisted practically of a general denial.    A motion for a nonsuit at the close of plaintiff's testimony was overruled, and exception taken.

The jury rendered a special verdict as follows: "(1) Was the plaintiff injured while engaged in oiling a paper machine in the paper mill of defendant? *Answer by the Court:* Yes.  (2) Was he so engaged in oiling said paper machine by direction of a person having control and direction of the work of the employees on said machine? *Answer by the Court:* Yes.  (3) Was the plaintiff of sufficient age, understanding, and experience in the business to comprehend the dangers incident to such work or employment? (To the submission of said question the defendant objected. Objection overruled. Defendant excepted.) *Answer:* No. (4) If you answer the third question, 'No,' then answer this question: Had the plaintiff been sufficiently instructed or cautioned by the agents or employees of the defendant as to the danger of the work, so as to enable him to comprehend and understand it, prior to the accident? This question was answered, with the consent of both parties, by the court, 'No.'  (5) Was the plaintiff, at the time the accident happened, using such care and attention in the performance of the work he was engaged in, as an ordinary, prudent, and careful person of the same age, understanding, and experience would have used? (To the submission of said question the defendant objected.  Objection overruled.    Defendant excepted.) *Answer:* Yes.  (6) What amount of damages has the plaintiff sustained by reason of the injury? *Answer:* $5,000." From judgment for the plaintiff, entered on such verdict, defendant appealed.

For the appellant there was a brief by *A. A. Nugent*, attorney, and *Nash & Nash*, of counsel, and oral argument by *L. J. Nash.*

For the respondent there was a brief by *Wigman & Martin*, and oral argument by *P. H. Martin.*

WINSLOW, J.  I. The motion for a nonsuit was properly overruled. The basis of the motion was that plaintiff's own testimony shows that he comprehended and assumed the risk of the dangers incident to the work he was doing. The court would not have been justified in so holding. That the work of oiling this interior journal was one of considerable danger while the machine was in motion cannot be doubted.  It is true, the testimony showed that the plaintiff had been employed about machinery for a number of years; that he had been employed as a cutter boy in another paper mill for more than a year before he went to work for the defendant, and had frequently oiled a paper machine while so employed. The machine which he so oiled, however, was what is known as a " single decker." It had but one row of large cogwheels working together, and had no bearing surrounded by cogwheels, as was the bearing which the plaintiff was engaged in oiling. It is true, also, that the plaintiff testified that he saw the triangular place between the wheels where he must insert his hand with the can, and knew that if his hand was caught between the wheels it would be crushed, and that he must not let his hand touch the wheels. It need scarcely be said that any boy of a dozen years of age who had ever seen cogwheels at work would know that his hand would be injured if thrust between the cogs, but it is evident that knowledge of the probable result of the insertion of the hand, and appreciation of the risk or possibility that his hand might be accidentally drawn between the wheels, are two entirely different things. The court rightly held that the question whether the plaintiff, from his previous experience with machinery, should have comprehended the risk, so that warning or instruction by defendant was unnecessary, was a question to be settled by the jury. We shall not review the many cases cited by appellant's counsel where courts have held that the evidence conclusively

showed comprehension of the risk involved, and consequently that warning was unnecessary. No two cases are alike in their facts. In this case we are satisfied that the question was properly for the jury.

II. The third question of the special verdict submitted to the jury was the question whether the plaintiff was of sufficient *age, understanding,* and experience in the business to comprehend the danger. In connection with this question the jury were charged as follows: " In answering that question it has been conceded by counsel, and, whether it had been or not, is the fact, as appears from the uncontradicted evidence, that the plaintiff was of sufficient age, so far as the question of age is concerned,— the plaintiff was of sufficient age to enable him to perform the duties which he was called upon to perform. And so with regard to his understanding or his general intelligence,— his capacity to understand these things,— that, I believe, has been conceded; but, whether it has or not, it appears very plainly from the evidence that he was at least of average intelligence and capacity. So you may consider that as a settled ·point in this case, unless you have seen anything in the progress of this case, in the conduct of the plaintiff or in the manner of his testifying,— anything of that kind,— which leads you to a different conclusion."

It is claimed that the question should not have included any inquiry as to the plaintiff's age or understanding, because it had been practically conceded that in both respects plaintiff was sufficiently equipped, and that the instruction just quoted was entirely inconsistent and confusing. There is evidently some justice in these claims. If plaintiff was conceded to be sufficiently endowed with age and intelligence, then there was no good purpose subserved in including those elements in the question, and the jury might possibly be confused thereby. So, too, the addition of the clause in the instruction which seems to give the jury leave

to consider the conduct of the plaintiff on the stand in judging of his intelligence seems inconsistent with the previous sentences.

If there were nothing further on the subject, the question would present some difficulty, but we think when the whole charge is considered there is no room for the contention that the jury could have been misled or confused. In this same connection the judge charged as follows: "For your guidance in answering the third question the court instructs you that the undisputed evidence shows that the plaintiff was of sufficient age to qualify him, as far as age alone could do so, to do the work of oiling the paper machine in question. Likewise the undisputed evidence shows that the plaintiff had sufficient intelligence and general ability to qualify him, so far as intelligence and general ability could do so, to perform that work. You are therefore required, in answering this question, to inquire simply into that branch of the question relating to the plaintiff's experience, and you will answer this question, 'Yes,' or 'No,' according as you shall find the fact to be that he did or did not possess experience sufficient to enable him to perform the work of oiling the machine in question with safety to himself, while using ordinary and reasonable care on his part to avoid accident and injury." And again: "So, if you find that at the happening of the accident the plaintiff had acquired sufficient experience to enable him to perform the duties of that position safely, it does not make any difference how or when or where he acquired that experience, and if you so find your answer to the third question will be, 'Yes.'" And again: "So your answer to the third question will depend on whether you find that the plaintiff was of sufficient experience, taking his age and understanding into account, to have performed, with ordinary safety, the duties that were assigned to him. If you so find, your answer to that question will be, 'Yes;' and I

may say right here, if you answer that question, ' Yes,' that is the end of this case, so far as you are concerned. You need go no further. Stop right there, and bring in your special verdict with the answer to that question, ' Yes.' That ends this case, so far as this court is concerned. If you find that he was not of sufficient experience, taking his age and understanding into account, then you will answer this question, ' No,' and will proceed to answer the other questions in the special verdict which are propounded therein."

In view of the frequent and repeated instruction that their only inquiry in answering this question was as to the plaintiff's experience, we do not think the jury could have been misled by the insertion of the words " age " and " understanding " in the question, nor by the apparent inconsistency in the first part of the instructions concerning his understanding.

III, The jury were instructed that " if you answer the third question, ' Yes,' you need go no further; and if you answer the fifth question, ' No,' you need go no further; you need not answer the last question."

It is claimed by appellant that by these instructions the jury were distinctly advised of the effect their answers would have upon the judgment, and that this was error under the ruling of this court in Ryan v. Rockford Ins. Co. 77 Wis. 611. The two cases bear little resemblance. In the Ryan Case a general verdict was rendered in connection with the special verdict, and the trial judge industriously explained to the jury how the special questions should be answered in order to be consistent with a general verdict in favor of either party. Furthermore the jury were not cautioned that they should not consider the effect which their answers as to special facts submitted might have upon the judgment in the case. This was held error, because calculated to defeat the object of the statute, which

is to secure direct answers to the special questions, free from bias or prejudice in favor of either party. In the present case both the third and fifth questions were crucial questions, so far as plaintiff's case was concerned. If the third question was answered in the affirmative, the plaintiff was defeated, regardless of the findings upon other questions. It would seem to be an unreasonable waste of time and labor to require the jury, after disposing of the case by an affirmative answer to this question, to spend hours, perhaps days, in endeavoring to arrive at an agreement on a question which had thus become perfectly immaterial. There are probably few cases tried in which rulings are not made during the course of the trial which clearly indicate to the jury the effect on the result of the answer to some question or questions, but no one would contend that the verdict was thereby vitiated. It is to be noticed also that the circuit judge in this case properly cautioned the jury that they had nothing to do with the effect of their answers; that their sworn duty was to answer the questions correctly and honestly from the evidence, leaving the result out of the case entirely, as that belonged to the court. Without questioning the doctrine laid down in the *Ryan Case*, we hold that there was no error in the above-quoted remarks of the circuit judge in the present case.

Akin to this question is another point raised by the appellant. The jury were charged, in effect, that, if plaintiff was guilty of negligence directly contributing to the accident, the defendant could not be held liable; and, further, they were informed of the circumstances under which a failure to caution the plaintiff might render the defendant liable. It is not objected that these instructions contained bad law, but that they were inapplicable to a case where only a special verdict was called for. There is some force in the criticism, and we should certainly have been better pleased if the court had refrained from instructing the jury

as to the effect of the negligence of either party on the general question of liability; but, considering the fact that the jury were fully cautioned that they were not to consider the effect of their answers on the judgment, we should not feel justified in reversing the judgment upon this ground.

IV. It is charged as error that the court permitted a witness to state that there would have been less danger in using an oil can with a longer nozzle, and also that testimony was admitted showing that the gearing was uncovered. The first proposition would seem to be a self-evident fact; the second was a fact constituting part of the *res gestæ*. The jury were told that they could not hold defendant liable because it did not furnish a longer oil can or did not cover the machinery, and that the only use that could be made of these facts was to assist in determining how dangerous the work was in which he was engaged. The jury were certainly entitled to consider these facts in judging of the degree of danger to which plaintiff was exposed, as bearing on the duty of defendant to warn him of the danger, and such seems to be the effect of the instructions. The fact that machines of this kind were not generally covered at the time of the accident was not material, and testimony as to that fact was properly ruled out. No claim was made of negligence in furnishing an improper machine.

V. The defendant proposed two additional questions for the special verdict which the court refused to give. They were as follows: " (8) How long does a boy of average ability and intelligence, of the age of seventeen or eighteen years, need to be employed in the work of a cutter boy upon a single-deck paper machine to learn, by his own observations and experience, how to oil up a double-deck paper machine with safety to himself?" "(10) Was there any danger in oiling at the place where the plaintiff was

injured, except the risk or danger of having his hand caught between the lower and right-hand upper wheel?" The answers to neither of these questions would have thrown any light on the issues in this case. They were properly refused.

A number of other exceptions to rulings are presented. None of them seem to us well taken, and they will not be noticed in detail. The case seems to have been fairly tried and submitted.

*By the Court.*— Judgment of the circuit court affirmed.