CASEY, by guardian *ad litem,* Respondent, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Appellant.

*March 9 — April 3, 1895.*

*Master and servant: Dangerous employment: Defective machinery: Injury to minor servant: Assumption of risk.*

An employee eighteen years old, of ordinary intelligence and accustomed to work, is *held* to have assumed the risks incident to wheeling dirt along a timber ten inches wide, which bridged a space of about twenty feet and was ten or twelve feet above the ground, in a wheelbarrow whose axle, to his knowledge, did not run true, but which he had himself selected for this use from a pile of wheelbarrows.

APPEAL from a judgment of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Reversed.*

The plaintiff was a boy of eighteen years and weighed 175 pounds. He had lived all his life upon a farm and was accustomed to work. He had been to school, and had a fair common-school education, and was of fully ordinary intelligence. He was employed by the defendant to load dirt and loose stones upon flat cars. The dirt was removed from the top of a rock cut. It was carried in wheelbarrows along and over a timber eight inches by ten inches, to the car. It was a plain timber, without guards of any kind. It bridged a space of about twenty feet, from the end of the car to the top of the cut, and was ten to twelve feet above the road-bed. The wheelbarrow which the plaintiff used was an old one, whose axle did not run true. Plaintiff selected it from a pile of wheelbarrows for this use. He helped to repair it, and knew its infirmity. He testified that he was told to be careful not to run off; that he knew, if he lost his balance and the wheelbarrow ran off, he was liable to fall down. He knew, if the wheelbarrow ran off, he would have to jump or he would fall off. He knew all about that. That was plain to be seen. He worked at this work two and one-half days. The wheel ran off the timber; he lost his balance, fell, and was injured.

At the close of the testimony the defendant requested the court to direct a verdict for the defendant, which was refused. There was a verdict and judgment for the plaintiff. The defendant appeals.

For the appellant there was a brief by *H. L. Humphrey* and *S. L. Perrin*, attorneys, and *Thomas Wilson*, of counsel, and the case was argued orally by *Mr. Wilson.*

For the respondent there was a brief by *H. H. Hayden*, and oral argument by *H. B. Walmsley.*

NEWMAN, J. This seems clearly to be a case where the plaintiff assumed the risk of an obvious danger. The dan-

ger was entirely open and apparent to ordinary apprehension. There was nothing occult about it. It required no high degree of intelligence or extensive experience to appreciate it. The plaintiff, though an infant in years, was a boy of at least average intelligence and experience. He could not fail to know that by natural law a hurt is the consequence of a fall. Nor could he fail to discern and appreciate the danger of the employment in which he was engaged. Nothing happened which he did not foresee as likely to happen if the wheelbarrow ran off the timber. He knew the defect of the wheelbarrow and its liability to run off. There was no element of the danger which a bright boy of eighteen could fail to apprehend. It was not needful that he be warned of dangers which were obvious and which he understood. No warning could make them more palpable to him. Of all such dangers he assumed the risk, by his contract of employment. *Luebke v. Berlin Machine Works,* 88 Wis. 442.

"The law in such case is stated by the supreme court of Massachusetts in the following language: 'When the employee assents to occupy the place prepared for him and incur the dangers to which he will be exposed thereby, having sufficient intelligence and knowledge to enable him to comprehend them, it is not a question whether such place might, with reasonable care and by reasonable expense, have been made safe. His assent has dispensed with the performance on the part of the master of the duty to make it so. Having consented to serve in the way and manner in which the business was being conducted, he has no ground of complaint, even if reasonable precautions have been neglected.' *Sullivan v. India Mfg. Co.* 113 Mass. 396. And by the same court, in a later case, as follows: 'Every corporation has the right to carry on a business which is dangerous, either in itself or in the manner of conducting it, if it is not unlawful and interferes with no rights of others; and it is

not liable to one of its servants who is capable of contracting for himself and knows the danger attending the business in the manner in which it is conducted, for an injury resulting therefrom.' *Ladd v. New Bedford R. Co.* 119 Mass. 412.

"Mr. Justice COOLEY states the rule as follows: 'Every manufacturer (or person) has the right to choose the machinery to be used in his business, and to control that business in the manner most agreeable to himself, provided he does not thereby violate the law of the land. He may select his appliances and run his mill with old or new machinery, just as he may ride in an old or new carriage, navigate an old or new vessel, occupy an old or new house, as he pleases. The employee, having knowledge of the circumstances on entering his service for the stipulated reward, cannot complain of the peculiar taste and habits of his employer, nor sue him for damages sustained in and resulting from that peculiar service.' Cooley, Torts, 552, and cases cited.

"The supreme court of Missouri states the rule in the following language: 'Much of the work of the country is done without the employment of the best machinery or the most competent men, and it would be disastrous if those prosecuting it were held to insure the safety of those who enter their service. If persons are induced to engage in ignorance of such neglect, and are injured in consequence, they should be entitled to compensation; but, if advised of it, they assume the risk. They contract with reference to things as they are known to be, and no contract is violated and no wrong is done if they suffer from a neglect whose risk is assumed. *Volenti non fit injuria.*' *Devitt v. Pac. R. Co.* 50 Mo. 302, 305, 306.

"The supreme court of Connecticut states it thus: 'An employee cannot recover for injury suffered in the course of his employment from a defect in the machinery used by his employer, unless the employer knew or ought to have known

Casey vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

of the defect, and the employee did not know of it or had not equal means of knowledge.' *Hayden v. Smithville Mfg. Co.* 29 Conn. 548."

This rule applies to minors, as well as to adults, who are of such age, intelligence, discretion, and judgment as to enable them to comprehend the situation and appreciate the danger incident to the employment. *Luebke v. Berlin Machine Works*, 88 Wis. 442. The question whether a minor servant was of sufficient age, intelligence, discretion, and judgment to bring him within the rule applicable to adult servants is usually a question for the jury. Assumption of risk is a species of contributory negligence. The minor servant is presumed to possess the ordinary intelligence usually found in persons of his age and circumstances. As in other like questions, this of the assumption of risk by a minor servant, where the evidence is undisputed and the inferences therefrom are plain and certain, is one of law for the court. *Seefeld v. C., M. & St. P. R. Co.* 70 Wis. 216; *Chopin v. Badger Paper Co.* 83 Wis. 192. *Luebke v. Berlin Machine Works*, 88 Wis. 442, is not to the contrary. In that case both the facts and the proper inference were in doubt upon the evidence.

It was error to deny the motion to direct a verdict for the defendant.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.