## GREEF BROTHERS v. STELLA BROWN.

### No. 244.

1. NEGLIGENCE—*Defined.* Negligence is the want of the exercise of that degree of care which ordinarily prudent persons are accustomed to exercise under the like or similar circumstances.

2. ———— *Dangerous Machinery—Assumption of Risk.* A person has the right to carry on a business which is dangerous, either in itself or in the manner of conducting it, if it is lawful, and does not interfere with the rights of others. He may choose his machinery and conduct the business in the manner most agreeable to himself, and the employee entering or remaining in his service with knowledge of the dangerous character and risks of same cannot recover for damages resulting from that peculiar service.

3. ———— *Contributory—Adults and Minors.* One who brings injury upon himself by failing to exercise ordinary care cannot recover damages for it, and this rule applies to minors, as well as adults, who are of such age, intelligence, discretion and judgment as to comprehend the situation and appreciate the danger.

4. ———— *No Recovery, When.* The question in all such cases is whether the plaintiff so far contributed to the misfortune by his own negligence or want of ordinary care and caution that, but therefor, the misfortune would not have happened. If so, there can be no recovery.

Error from Crawford district court; J. S. WEST, judge. Opinion filed January 18, 1898. Reversed.

*Morris Cliggitt,* for plaintiffs in error.

*Fuller & Randolph,* for defendant in error.

Greef Bros. v. Brown.

The opinion of the court was delivered by

SCHOONOVER, J.: This was an action brought by the defendant in error, Stella Brown, in the district court of Crawford county, to recover for personal injury sustained by her while working for the plaintiffs in error at a mangle in a laundry. The petition charges negligence, both generally and specifically. The answer is general denial and contributory negligence. The verdict and judgment were in favor of defendant in error for $600. A motion for a new trial was overruled. These proceedings in error are brought by defendants below.

The undisputed facts are substantially as follows: Plaintiffs in error, at the time of the injury and for several months prior thereto, owned and operated a steam laundry at Pittsburg, Kan. Mrs. Jennie Rush and Mr. E. Rush, the mother and stepfather of defendant in error, were both employed at work in the laundry. Mr. E. Rush had had thirteen years' experience in the business and was acquainted with the machinery. During the week preceding the injury, one of the plaintiffs in error and Mrs. Jennie Rush had a talk about plaintiffs in error employing defendant in error to work at the mangle; in which conversation Mrs. Rush stated that she thought defendant in error would be entirely able to work the mangle. They then agreed upon the terms of her employment, and that she should go to work with Bertha Garver at the mangle. She came to the laundry that same week, and was there a day or two, but at what she worked is not without dispute. On the following Monday she went to the laundry with her mother and stepfather, and with their knowledge began work at the mangle, continuing at the same during Monday

and until between two and three o'clock Tuesday, when she received the injury.

At the time of the injury defendant in error was a stout, rugged girl, nearly seventeen years old. The mangle is a machine that was used for drying and ironing bed linens, napkins, table-cloths, etc. It consisted, besides the framework, of four cylinders of equal length — about four and one-half or five feet — all parallel and resting horizontally on the frame. One cylinder is much larger than the others, and when the machine was in operation the three small cylinders were pressed close to it.

The large cylinder was heated by steam and the three smaller ones revolved so as to draw in the clothing. The mangle was, in all respects, in the same condition from the time the Rushes began work in the laundry to the time of the injury. A guard board, designed by the manufacturer of the machine to protect operators, was in the building, but had not been used. Of this guard board and its use defendant in error was wholly ignorant. There was a lever at one end of the mangle to be used in applying the pressure of the cylinders. Defendant in error was at this mangle, and, using her own language: "I was putting napkins through and I pushed the napkins closer and closer and it caught my fingers." Her hand was caught and held between the cylinders and burned. E. Rush went to her aid, reversed the lever and threw off the pressure, and then went to the other side of the mangle to throw off the belt. Meantime one of the plaintiffs in error went to the mangle, attracted there by the girl's outcry, and seeing her hand still between the cylinders, and believing that the pressure was still on, and desiring to release her hand and prevent further injury, by mistake turned the lever in

such a way as to bring the cylinders closer together ; but immediately seeing the mistake, turned the lever the other way and released the pressure.   The girl's hand was then released by bystanders.   The hand was so burned and bruised as to render it useless.

The first error assigned is the overruling of the demurrer of plaintiffs in error to the evidence, and as our conclusion upon this question is decisive of the case the other matters complained of are not considered. Negligence is the want of the exercise of that degree of care which ordinarily prudent persons are accustomed to exercise under the like or similar circumstances.   Taking this as a guide, we are unable to see wherein plaintiffs in error were negligent.   They had the right to conduct their business and operate their machinery as they did, and the employment of defendant in error was not made until they had consulted the girl's mother, and obtained her approval and the assurance that the girl was entirely capable of doing the particular work.   This was certainly exercising at least ordinary care in the employment for such work of a girl of her age.

As to the mistake made by one of the plaintiffs in error in reversing the control bar, we need only say that the evidence wholly fails to show that any additional injury was caused thereby.   The defendant in error clearly assumed the risk of an obvious danger. She was a minor, it is true, but she was a "stout, rugged girl," nearly seventeen years old, and presumably possessed of the usual intelligence of a girl of that age.   The danger was entirely open and apparent to even casual observation, and did not require a high degree of intelligence or extensive experience to understand it.   She was bound to use reasonable care in examining her surroundings ; to observe and

take such knowledge of danger as could be attained by observation ; to take notice of the ordinary operation of familiar natural laws and to govern herself accordingly ; to use her eyes to see that which was open and apparent; and if a defect was obvious and suggestive of danger, knowledge of same on her part is to be presumed as fully as though the danger were a subject of common knowledge. (Bailey on Masters' Liability, 164.)   She could not fail to see and understand the danger, for the reason that all the elements of it were wide open before her.   The very thing happened which she knew was most likely to occur if she allowed her fingers to get between the cylinders, and no warning or caution could have increased her knowledge of the danger or the necessity for care. She therefore assumed the risk (*Luebke v. Berlin Machine Works*, 88 Wis. 442, 60 N. W. Rep. 711), and was guilty of contributory negligence ; for the assumption of risk is a species of contributory negligence. This being true, it could make no difference even if plaintiffs in error had neglected reasonable precaution. (*Sullivan v. India Mfg. Co.*, 113 Mass. 396 ; *Ladd v. New Bedford Rld. Co.*, 119 id. 412 ; Cooley on Torts, *552 ; *Devitt v. Pacific Rld. Co.*, 50 Mo. 302, 305, 306 ; *Hayden v. Smithville Mfg. Co.*, 29 Conn. 548.)

"This rules applies to minors, as well as to adults, who are of such age, intelligence, discretion and judgment as to enable them to comprehend the situation and appreciate the danger." (*Casey v. Chicago &c. Rld. Co.*, 90 Wis. 117, 62 N. W. Rep. 624.)   As we have before said, a minor is presumed to possess the ordinary intelligence usually found in persons of his age and circumstances.

The Illinois appellate court, in a recent case very like the one we are considering, held that a girl six-

teen years of age could not recover for an injury resulting from her hand being caught between the rollers of a mangle in a laundry in which she worked, on the ground that she had not been warned of the danger, since the danger was apparent. (*Jones v. Roberts*, 57 Ill. App. 56.)

The material facts in the present case affecting the question of the alleged contributory negligence of defendant in error are undisputed and admit of no doubtful or opposing inference. Hence, whether or not these facts establish such negligence is purely a question of law for the court. (*Seefeld v. Chicago &c. Rly. Co.*, 70 Wis. 216, 35 N. W. Rep. 278; *Chopin v. Badger Paper Co.*, 83 Wis. 192, 53 N. W. Rep. 452.) The demurrer to the evidence should have been sustained.

The judgment of the district court is reversed, with instructions to sustain the demurrer to the evidence.