SCHONER v. ALLEN *et al.*

No. 50.     Opinion Filed November 9, 1909.

(105 Pac. 191.)

1.      PLEADING—Demurrer—Refiling Pleading—Scope of Subsequent Demurrer.   Where a demurrer to a petition consisting of one count is sustained, and the same is refiled unchanged except for a second cause of action plaintiff attaches thereto a second count, **held**, that a demurrer subsequently filed ran only to the allegations in the second count.

2.      MASTER AND SERVANT—Injury to Servant—Warning of Hazard—Necessity.   In a suit in damages for personal injuries resulting in the loss to plaintiff of the services of her minor child, where the petition substantially states that said child, while employed by defendants to work in their laundry. was, without being informed by defendants of the danger incident thereto, put to work feeding a mangle, alleged to be a dangerous machine, that said danger was such that "owing to her tender years and inexperience she was wholly unable to understand or appreciate, all of which was known to defendant at the time," who "carelessly and negligently failed to inform her as to the danger and hazard of the employment and the said machine," and that in consequence of such failure said minor was injured, states a cause of action.

(Syllabus by the Court.)

*Error from District Court, Logan County.*

Action by Mary Schoner against E. Jefferson Allen and Jerome McCarthy, partners as "Allen & McCarthy." Judgment for defendants, and plaintiff brings error. Reversed.

*W. B. Herod,* for plaintiff in error.

*John H. Burford,* for defendants in error.

No copies of briefs reached the reporter.

TURNER, J.   On January 17, 1907, Mary Schoner, plaintiff in error, plaintiff below, sued E. Jefferson Allen and Jerome McCarthy, partners as "Allen & McCarthy," in the district court of Logan county in damages for personal injuries alleged to have been negligently inflicted by them upon her minor child, Catharine R. Schoner, resulting to plaintiff in the loss of her services.

To the petition, consisting of one count, defendants demurred, which was sustained and no exceptions saved. Subsequently, and by leave of court, plaintiff, on October 3, 1907, refiled said petition unchanged, except that, for a second cause of action against defendants, she attached thereto another count, which substantially states that defendants are, and were at the times thereinafter mentioned, partners doing business in Guthrie, Logan county, Okla., as "Allen & McCarthy," and as such engaged in the laundry business owning, controlling, and operating what was known as the "Star Laundry"; that plaintiff is a widow, and said Catharine her minor child, aged 16 years, living with her, and of whom she had the sole care and control was chargeable with her rearing and education; that, while said Catharine was so living with her, defendants sought out said Catharine, and without the knowledge and consent of plaintiff, "and over her protest and against her will and order," employed said Catharine to work in their said laundry as a laborer, well knowing her to be an infant and without experience and not familiar with the duties to be assigned her; that among other machinery used by defendants in said laundry was a mangle, "a dangerous and hazardous machine to operate" and defective and unsafe even for skilled and experienced servants; that, by order of defendants said Catharine was assigned to the duty of feeding, operating, managing, and conducting said machine "without any information or instruction as to the dangerous character of the work, or of the machine," which, owing to her tender years and inexperience, she was wholly unable to understand or appreciate, all of which was known to defendants at the time; that while so employed, to wit, on December 18, 1905, and without fault on her part, her hand and arm was caught in said "mangle" and injured to such an extent as to be practically useless, and in consequence of said injuries she has been maimed for life, "and plaintiff was deprived of her daughter as she was when defendants took her away"; that "defendants carelessly and negligently failed to instruct or inform the said minor as to the danger and hazard of the employment of

the said machine; that they failed to warn her of the danger, and as a result of such negligence she was injured; that, as the mother of said minor, she was entitled to her services until she became of age; that such services were worth $600; that she has expended on account of said injuries $135.50; that she has been compelled to care for and nurse said minor "during all of the time"; that her services are worth $240; and that she has been damaged in all, as a result of defendant's negligence in the premises, $1,000, for which she prays judgment and costs. To this count defendants filed a demurrer, which was sustained, and plaintiff excepted, and, refusing to plead further, judgment was rendered in favor of defendants, and plaintiff brings the case here for review contending that the court erred in sustaining said demurrer.

Preliminary to the discussion of this demurrer, it is contended by defendants that the same should not run to the allegations set forth in the first count because they say that no reference thereto or adoption of it is made in the second count. This seems to have been the view entertained by the trial court, and therein we see no error.

In *Birmingham, etc., v. Allen,* 99 Ala. 359, 13 South. 8, 20 L. R. A. 457, it was, in substance, held that, where a demurrer has been sustained to a complaint consisting of a single count, it was error to amend the complaint by adding thereto one or. more counts even by reference to and adoption of the original count.

In *Treweek v. Howard,* 105 Cal. 434, 39 Pac. 20, it was held to be unnecessary to repeat at length in each succeeding count of the complaint the facts stated in the first count, where, in the succeeding count, reference to a preceding count is definite and certain, and the allegations therein contained are expressly adopted, but that the omission to either repeat or refer to them is fatal to their consideration. *Byrne Mill Co. v. Robertson,* 149 Ala. 273, 42 South. 1008; *Hopkins et al. v. Contra Costa Co.,* 106 Cal. 566, 39 Pac. 933, citing cases; *Gilmore et al. v. Christ Hospital, etc.,* 68 N. J. Law, 47, 52 Atl. 241. Concerning the demurrer,

it is well settled that where the master knows the employment is dangerous, and also knows that the servant is ignorant and inexperienced in the employment and has no knowledge of the dangers incident thereto, it is the duty of the master to warn the servant of the danger and instruct him to avoid it. If the failure to perform said duty results in injury to the servant, the master is liable. Even where the danger is patent and open to observation, it is the duty of the master to warn and instruct the servant in regard to it if through inexperience, or from any cause whatever, the servant is unable to understand fully and appreciate the nature and extent of said danger. 20 Am & Eng. Enc. of Law, 97, and cases cited. Or, as stated in Cyc. 1173:

"Where the master knows, or ought to know, the dangers of the employment, and knows, or ought to know, that the servant, by reason of his immature years or inexperience, is ignorant of, or unable to appreciate, such dangers, it is his duty to give him such instruction and warning of the dangerous character of the employment as may reasonably enable him to understand its perils"—and cases cited.

*Dowling v. Allen & Co.,* 74 Mo. 13, 41 Am. Rep. 298, was a suit in damages for personal injuries sustained while plaintiff was in the employ of defendant in its foundry in St. Louis. At the close of plaintiff's testimony there was a demurrer to his evidence, which was sustained, and plaintiff appealed. The facts were, in substance, that plaintiff was a boy 17 years old, who, at the request of his father, was hired to the defendant in its foundry. During the first two months he was employed in running errands and sweeping out. During the last month he was employed in the machine shop and in the yard, where a turntable was being constructed, under King, a fellow servant, and was under his orders. King knew the boy was "green" and persuaded him to remain at work at the turntable. Running east from this table was a shaft about 12 feet long and 6 inches in diameter, and covered, except for some 3½ feet nearest the turntable and about 8 or 10 inches from the ground. It could be stepped over, and was in the habit of being stepped over by the men thereabout

employed. At the end nearest the turntable, the shaft had a collar about an inch and a half thick, from which projected a set screw about 2 inches. King ordered the boy to stop the engine and to hurry. He took the short way, and in stepping over said shaft, which was revolving rapidly, the leg of his trousers was caught by the said screw, his leg was drawn in the shaft, and he was injured. The court, after laying down the general doctrine that one who enters upon the services of another takes upon himself the ordinary risks of the employment, said:

"On the other hand, if there are concealed dangers known to the employer, and unknown to the employee, it is the duty of the employer to notify the servant of their existence. We think the doctrine equally well settled by the authorities that although the machinery, or that part of it complained of as especially dangerous, is visible, yet if, by reason of the youth and inexperience of the servant, he is not aware of the danger to which he is exposed in operating it, or approaching near to it, it is the duty of the master to apprise him of the danger, if known to him."

In *Sullivan v. India Manufacturing Co.*, 113 Mass. 396, the court said:

"It may frequently happen that the dangers of a particular position for or mode of doing work are great, and apparent to persons of capacity and knowledge of the subject, and yet a party from youth, inexperience, ignorance, or general want of capacity may fail to appreciate them. It would be a breach of duty on the part of a master to expose a servant of this character, even with his own consent, to such dangers, unless with instructions or cautions sufficient to enable him to comprehend them, and to do his work safely, with proper care on his own part."

In *Ingerman v. Moore*, 90 Cal. 410, 27 Pac. 306, 25 Am. St Rep. 138, the court said:

"The complaint alleges that the work of running the machine was dangerous, and plaintiff was inexperienced and ignorant of the dangers attending the same, and that defendant knew this, and neglected to warn him of such dangers, or properly instruct him in such work."

And, quoting approvingly from *Jones v. Florence Mining Co.*, 66 Wis. 277, 28 N. W. 210 (57 Am. Rep. 269), said:

" * * * We think it is now clearly settled that if a master employs a servant to do work in a dangerous place, or where the mode of doing the work is dangerous and apparent to a person of capacity and knowledge of the subject, yet if the servant employed to do work of such a dangerous character or in a dangerous place, from youth, inexperience, ignorance, or want of general capacity, may fail to appreciate the dangers, it is a breach of duty on the part of the master to expose a servant of such character, even with his own consent, to such dangers, unless he first gives him such instructions or cautions as will enable him to comprehend them, and do his work safely with proper care on his part."

In *Greef et al. v. Brown*, 7 Kan. App. 394, 51 Pac. 926, the court, after laying down the general rule insisted on by defendants herein in support of their demurrer, to the effect that plaintiff assumed the risk of obvious dangers incident to her employment, qualified it thus:

"This rule applies to minors, as well as adults, who are of such age, intelligence, discretion, and judgment as to enable them to understand and appreciate the dangers." (*Casey v. Railroad Co.*, 90 Wis. 113, 62 N. W. 624.)—

—clearly implying the converse of the rule to be that where the minor is not of such age, intelligence, discretion, and judgment as to enable her to understand and appreciate the dangers, she does not assume such danger, and that the neglect of the master to inform her thereof is actionable negligence. This is a distinction running through all the cases, or, as stated in the first section of the syllabus in *Jane Jones, by Her Next Friend, v. Roberts*, 57 Ill. App. 56:

"Where the danger of injury is apparent to a person of ordinary intelligence and experience, and incident to the employment, the risk of injury is assumed by the employee as one of the ordinary risks of service. This rule does not apply, however, to employees who from youth are unable to appreciate and realize the danger to which they are exposed."

See, also, *Ertz v. Pierson*, 130 Mich. 160, 89 N. W. 680:

*Luebke v. Berlin Mach. Works,* 88 Wis. 442, 60 N. W. 711, 43 Am. St. Rep. 913.

Inasmuch as the petition alleges, in substance, that plaintiff's child, as the servant of defendants, was put by them at work feeding a dangerous machine, that the danger incident thereto she, owing to her tender years and inexperience, was wholly unable to understand or appreciate, all of which was known to defendants, who carelessly and negligently failed to instruct and inform her of such danger, and that said failure resulted in her injury, we are of the opinion that the same stated facts sufficient to constitute a cause of action, and, as this is the only point raised by the demurrer, the judgment of the lower court is reversed.

All the Justices concur.