## NEVERSWEAT MINING CO. v. RAMSEY.

No. 10443—Opinion Filed Dec. 13, 1921.

(Syllabus.)

**1. Master and Servant — Injuries to Employes—Elements of Negligence.**

Personal injuries to employes are so uniformly the product of a combination of circumstances that the question of negligence can seldom be declared to turn on a single element.

**2. Same—Duties of Master—Instructing Inexperienced Servant.**

It is the duty of a master who has actual knowledge that a servant is inexperienced in the work for which he is employed to use reasonable care in cautioning and instructing such servant in respect to the dangers he will encounter, and how best to discharge his duties.

**3. Negligence—Question for Jury.**

Where from facts shown by the evidence, although undisputed, reasonable men might draw different conclusions respecting the question of negligence, the question is properly for the jury.

**4. Same—Contributory Negligence.**

Where there is evidence reasonably tending to show primary negligence on the part of the defendant, the question of contributory negligence, under section 6, art. 23, Williams' Constitution, is always a question of fact for the jury.

**5. Master and Servant—Action for Injuries to Servant—Negligence—Release— Sufficiency of Evidence and Instructions.**

Record examined, and held: (1) That the evidence reasonably tends to support the findings of the jury that the negligence of the defendant was the primary cause of the injury; (2) that the evidence was of sufficient weight and cogency to go to the jury on the question of the validity of the release; (3) that the instructions given by the court are sufficiently full and substantially correct.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by Ollie Ramsey against the Neversweat Mining Company for damages for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

H. W. Curry and A. Scott Thompson, for plaintiff in error.

Chas. B. Mitchell, Ben A. Axley, W. H. Kornegay, and D. H. Wilson, for defendant in error.

KANE, J. This was an action for damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be called "plaintiff" and "defendant," respectively, as they appeared in the trial court.

It appears that at the time of his injury the plaintiff was working for the defendant in the screen room of its reduction plant, engaged in screening rock and ore dirt hoisted from its lead and zink mine. The room was about 20 feet square, and the screen in use consisted of several heavy iron bars about two and a half inches thick and four inches wide and twelve feet long, placed about four inches apart over an opening in the floor; this rock and ore dirt was hoisted from the mine in large cans and dumped upon the screen with the result that all the small stuff passed through the screen into the ore hopper immediately below, the large pieces of rock remaining on the screen until crushed into pieces small enough to pass through the screen into the hopper. It was the duty of the plaintiff to keep the screen clean by breaking up the large pieces of rock containing ore with a hammer and causing the same to pass

through the screen into the hopper and removing the large pieces of rock containing no ore and loading them into a little tramcar, which was run over a track that extended from the outside into the screen room, and dumping the same upon the ground outside the mill as waste matter.

The plaintiff alleged that when he had been working about 30 minutes a large can of ore dirt was dumped from the hoister upon the screen from which several large boulders escaped and rolled about his feet; that in backing away from the screen to escape the boulders he stumbled over loose rocks strewn upon the floor of the screen room and fell backwards through the door onto the unguarded tramway, and from there onto the waste rock pile some 30 feet below; that as a result of said fall said plaintiff received serious and permanent injuries, the most serious being a badly fractured skull, one of the jagged rocks upon which he fell penetrating his brain.

The plaintiff charges negligence in the following particulars:

1. That the defendant allowed the space between the screen and the walls of the room to become filled up with boulders, leaving a narrow space around the screen which gave insufficient room for the plaintiff to perform his duties.

2. That the defendant negligently and carelessly failed to provide a shutter for the north door, opening out on the tramway.

3. That the defendant negligently failed to provide guards on said tramway.

4. That the defendant, knowing the plaintiff to be a minor, and inexperienced in such work as he was required to do, failed, neglected, and refused to give the plaintiff any instructions as to the manner of doing his work, and to inform him of the conditions and danger of the place in which he was employed to work.

The answer was a general denial, contributory negligence, assumption of risk, and a release in writing. The reply was a general denial of each and every allegation of new matter. Upon trial to a jury there was a verdict in favor of the plaintiff, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

Counsel for defendant in their brief summarize their grounds for reversal as follows:

1. That there is no evidence tending to show that the proximate cause of the accident which resulted in injury to the plaintiff was negligence of the defendant; and

2. That there is no evidence in the record that justified the trial court's ruling leaving it to the jury to determine whether the contract of settlement was obtained by the misrepresentations of the defendant's agent, and that there is no evidence tending to show that the plaintiff was not competent to contract in making said settlement.

Counsel for defendant in presenting their first ground for reversal seem to assume that the only acts of negligence charged was permitting loose rock to remain on the floor, the unguarded condition of the door opening onto the tramway, and the unguarded condition of the tramway itself. They say the defendant's whole duty to the plaintiff was fulfilled when it used reasonable care to furnish him a reasonably safe place to work, and inasmuch as the uncontradicted evidence shows that the construction and equipment of the mill, screen room, and tramway was substantially the same as that used by prudent employers in all other mills in the district, this constitutes reasonable care as a matter of law.

While some courts assert that no negligence in this respect can be imputed to the employer if he has furnished appliances such as are used by prudent employers generally and others declare that the fact of supplying such instrumentalities is only evidence of due care, and inconclusive on the issue of negligence vel non, the controversy does not seem to be a very practical one, for personal injuries to employes are so uniformly the product of a combination of circumstances that the question of negligence can seldom be declared to turn on a single element. 18 R. C. L. 590.

In the case at bar there were four separate acts of negligence alleged, among them being that the plaintiff was not informed of and did not appreciate the danger of his position. The evidence shows conclusively that the master had actual knowledge of the plaintiff's minority and his inexperience in the work for which he was employed, and that he was not warned of the danger of his position. Of course, where it is shown that an injured employe was not informed of and did not appreciate the danger of his position, recovery will not be denied in any jurisdiction. Fisher v. Prairie, 26 Okla. 337, 109 Pac. 514; Schoner v. Allen, 25 Okla. 22, 105 Pac. 191; McDonald v. Ry Co., 41 Minn. 439; Mastin v. Levagood, 47 Kan. 36, 27 Pac. 122; American Tobacco Co. v.

Strickling, 88 Md. 500, 41 Atl. 1083; Reese v. Hershey, 163 Pa. 253, 29 Atl. 907.

The case of Coombs v. New Bedford Cordage Co., 102 Mass. 572, 3 Am. Rep. 506, illustrates very well the application of the principle now under consideration. In that case a boy 14 years old was employed in a factory to tend machinery, and on the second day of his employment, while standing in his proper place tending a drawing machine, his left hand was caught in a cog of a machine standing in dangerous proximity and badly injured. The undisputed evidence showed that the danger was patent, and that the employer furnished appliances such as were used by prudent employers. The defendants claimed that a verdict could not be rendered against them because there was no proof that plaintiff when injured was using due care, and, secondly, because there was no proof of negligence on their part. It was held that instructions to the jury embodying the following principles were correct: That if the plaintiff was of sufficient age and intelligence to understand and know of the risk to which he was exposed and had reasonable notice of the dangerous nature of the service which he was performing, the defendants were not liable, but that if the defendants knew or had reasonable notice of the danger to which plaintiff was exposed and failed to give sufficient or reasonable notice of it, and if plaintiff was inexperienced or failed to perceive or appreciate the danger and was injured in consequence the defendants were liable.

Upon the new trial which followed upon this theory a verdict for plaintiff was again reported for the revision of the full court under the Massachusetts practice, and the verdict sustained.

While the plaintiff in the case at bar was somewhat older than the plaintiff in the Coombs Case, the evidence shows that he was still a minor and not more experienced in the class of work that he was engaged in at the time of his injury.

Considering the evidence as a whole, in the light of this principle and the well-established rule that where, from the facts shown by the evidence, although undisputed, reasonable men might draw different conclusions respecting the question of negligence, the question is properly for the jury, we are convinced that the trial court committed no error in submitting the case to the jury upon the question of primary negligence. The following cases sustain this conclusion: Clark v. St. L. & S. F. Ry. Co., 24 Okla. 764,

108 Pac. 361; Independent Cotton Oil Co. v. Beacham, 31 Okla. 384, 120 Pac. 969. Of course, where there is evidence reasonably tending to show primary negligence on the part of the defendant, the question of contributory negligence, under section 6, art. 3, Williams' Constitution, is always a question of fact for the jury.

The release in writing involved in the second assignment of error consists of an instrument signed by the plaintiff while still in the hospital, some six weeks after his injury, in which he accounts for his injury by stating in substance, that he must have fainted and fallen through the door and rolled under the top railing of the tramway upon the rocks below; that he does not blame the defendant in the least, as the accident occurred without any negligence on its part. This instrument concludes as follows:

"I wish further to say that the said company and its officers have been very kind to me and have given every attention regardless of expense to the saving of my life; that in consideration of the said company paying all expenses of my treatment and care to this date, together with the expense of my wife while I have been in the hospital and the further promise of said company to pay to me the wages I was drawing when hurt until such a date as the doctor of said company shall say that I am able to go to work, I do hereby accept said consideration paid and promised as aforesaid as a full and complete settlement of any and all claims that may arise or that I may have against said company because of such injury, and I do hereby, in the presence of witnesses, after reading this statement, release said company for such consideration from any liability whatsoever because of such injury."

It is contended by counsel for defendant that the evidence adduced at the trial for the purpose of avoiding this written contract is not of sufficient weight and cogency to take the case to the jury under the rule announced by this court in Moore v. Adams, 26 Okla. 48, 108 Pac. 392; St. L. & S. F. Ry. Co. v. Chester, 41 Okla. 369, 138 Pac. 150, and other similar cases, and that the court erred in refusing to give certain instructions requested by the defendant stating the correct rule in such cases.

On the first branch of this assignment of error counsel say:

"The plaintiff does not deny in his evidence that the written settlement was signed by him and the sole and only testimony offered by him to sustain his quoted defense to the compromise is found on page 216 of the record. He was asked by his counsel:

"'Q. Mr. Ramsey, I wish you would tell the jury, if you know anything about this

release and this statement that they have introduced in evidence here.

" 'A. Well, sir; the only thing I know about it, that was to get my insurance—I was supposed to have signed that three days after I was hurt; I was supposed to have signed that. Mr. Wills told me they had been getting my checks for my insurance and it was supposed to be signed.' "

Counsel say that this was the only testimony offered' on this point, and that this does not tend to establish the charge 'of fraud. This is probably true in so far as the charge of fraud is concerned. But it was also alleged in plaintiff's reply that if he did sign and execute the release, he did not have sufficient mental capacity to understand the nature and character and contents thereof, and that he did not have sufficient mental capacity to make or enter into any contract or agreement of any kind or character respecting his person or property rights; that he had no recollection of signing 'or executing said release; that the defendant presented to him and requested him to sign a written instrument which said agent stated and represented to the plaintiff to be an application for the payment of his accident insurance, and this was the instrument he thought he signed. It seems to us that the testimony quoted above, as well as the evidence adduced at the trial, reasonably tended to support this allegation, touching the nature of plaintiff's injuries. The evidence shows that the plaintiff sustained a grave fracture of the skull and other injuries about the head which seriously affected his consciousness and his memory. For several days after the injury he was speechless, his eyes were crossed, his ears bled and rang with strange noises; it was only gradually that he came back to consciousness, towards the last days of his stay in the hospital. Up to. and including the day the release was signed the plaintiff was constantly under the care and influence of Mr. Wills, the superintendent of the defendant company, the company doctor, and other agents and representatives of the defendant. all of whom had been very kind to him, and did not have the benefit of advice from any disinterested source as to his probable rights in the premises. While the release was signed the day the plaintiff was discharged from the hospital, the evidence shows that the injury to his head was still in an acute condition, and that the dangerous fracture did not heal until a piece of the fractured skull was removed from the wound by an operation performed some two or three months after the release was signed.

There can be no doubt of the very serious character of the injury to plaintiff's head, or that he suffered serious mental and physical derangement therefrom for a long time after the release was signed. In these circumstances and on account of his immature years, we are not disposed to disturb the findings of the jury on this point; which were approved by the trial court. We are unable to say, in the face of the finding of the jury and of the trial court to the contrary, that the release was fairly and honestly entered into or that the plaintiff was mentally or physically in a condition to deal at arm's length with the parties representing the defendant.

As to the error of the trial court in refusing to give certain instructions requested, on this point it is sufficient to say that we have examined the instructions given as a whole, and are convinced that they are sufficiently full and substantially correct.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.