WANKOWSKI, by guardian *ad litem,* Respondent, vs. CRI-VITZ PULP & PAPER COMPANY, Appellant.

*November 12—November 27, 1908.*

*Master and servant: Personal injuries to servant: Trial: Questions for jury: Duty of master to warn: Contributory negligence: Instructions to jury: Appeal and error: Prejudicial error: Argument and conduct of counsel: Special verdict: Duplicity: Excessive damages.*

1. In an action for personal injuries to a servant by being caught in the cogs of wheels on a revolving shaft which he was attempting to oil, it is *held* that there was evidence to go to the jury on the possibility and probability that plaintiff was directed to oil the machinery, the credibility of the witnesses being for the jury.

2. In such case it is also *held* that the right of the plaintiff to understand, and his understanding, that the direction to oil the machinery included oiling the machinery at the place plaintiff was injured, was an inference of fact which the jury might draw from the testimony.

3. Upon the evidence in such case, stated in the opinion, it is *held* that the danger which might be incurred in oiling the machinery was not so obvious to a person of plaintiff's age, understanding, and inexperience as to either relieve the master of his duty to warn as matter of law or to charge the plaintiff as matter of law with contributory negligence.

4. *Chopin v. Badger P. Co.* 83 Wis. 192, like all precedents in negligence cases, is necessarily limited to the points actually decided upon the facts then before the court, and as an authority has not been shaken or overruled.

5. Instructions to the jury which contain a statement of the plaintiff's testimony, and which somewhat confuse the claim of plaint-

iff made through his counsel as argumentative deductions from facts with the facts themselves, are *held* to be not prejudicial.

6. In an action by a servant for personal injuries, the court, in reference to a question of the special verdict as to whether the defendant's superintendent ordered plaintiff to do the act from which the injury followed, instructed the jury: "You will consider everything, and if as a whole it convinces you to a reasonable certainty that the plaintiff's contention as to the fact is right, then you must decide the question and answer in his favor—answer the question in the affirmative." *Held*, that this instruction is subject to the criticism that it informed the jury of the result of their answer, but that it did not go so far as to inform them expressly or by necessary implication of the effect of the answer upon the ultimate right of either party litigant to recover, and hence was not prejudicial error.

7. In an action by a servant for personal injuries by being caught in the cogs of wheels on a revolving shaft which he was attempting to oil, the court instructed the jury: "Now this does not mean whether the plaintiff had intelligence, experience, or instruction enough to enable him to see that there were cogwheels in that box on these shafts and that they were revolving, and that if he got his hands or his clothing in between them that some danger, some injury, might result from them. But the question is: Did he have such instruction, experience, or intelligence as to enable him to appreciate, to comprehend, the danger of this thing happening to him from what he saw?" *Held* that, considering the words "the danger of this thing happening to him" as equivalent to the danger of getting his hands or clothing caught in the gearing, the instruction was correct and within the rule of *Chopin v. Badger P. Co.* 83 Wis. 192.

8. In an action for personal injuries to a servant, remarks of plaintiff's counsel, in the presence of the jury, to the effect that a certain insurance company stood back of the defendant in the case, having been uttered in an argumentative objection to a proposal by defendant, and not, as a deliberate offer of evidence, and having been disapproved by the trial court in the presence of the jury, are *held* not to be ground for reversal.

9. Where an affirmative answer is given to a question of a special verdict: "Had the plaintiff the right to and did he understand that said order included the machinery in said box?" the question is not open to criticism as being double, although had the question been answered in the negative there might have been some ground for criticism.

10. In an action by a servant for personal injury, an award of $5,000 damages, while high, is *held* not to be so excessive as to indicate either passion or prejudice on the part of the jury.

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

The plaintiff had judgment for $5,000 and costs against the defendant in an action for personal injury incurred June 10, 1906. There was a special verdict finding that the plaintiff was injured by being caught in the cogs of wheels on revolving shafts which he was attempting to oil, having been ordered to do so by defendant's superintendent. The bearings or cogs in question were squeaking and smoking for want of oil. The work of oiling the machinery was dangerous to an inexperienced person, and the superintendent was negligent in ordering the plaintiff to oil the machinery without instruction or warning as to the danger incident thereunto. This negligence was the proximate cause of plaintiff's injury, and the plaintiff had not at the time he attempted to oil the machinery sufficient instruction, experience, or intelligence to have enabled him by the exercise of ordinary care to have comprehended and appreciated the dangers incident to such work, and there was no contributory negligence on the part of the plaintiff. Errors assigned raise the questions: (1) Whether there was sufficient evidence to go to the jury or support a verdict. (2) In instructing the jury. (3) For improper remarks of counsel. (4) In framing the special verdict. There is also a claim that the damages are excessive.

*Charles A. Vilas,* for the appellant.

Among other references upon the part of the appellant were the following: *Flaherty v. Harrison,* 98 Wis. 559, 74 N. W. 360; *Roth v. S. E. Barrett Mfg. Co.* 96 Wis. 615, 71 N. W. 1034; *Wunderlich v. Palatine F. Ins. Co.* 104 Wis. 382, 80 N. W. 467; *McCoy v. Milwaukee St. R. Co.* 82 Wis. 215, 52 N. W. 93; *Beyer v. St. Paul F. & M. Ins. Co.* 112 Wis. 138, 88 N. W. 57; *Muenchow v. Theo. Zschetzsche & Son Co.* 113 Wis. 8, 88 N. W. 909; *Burnell v. West Side R. Co.* 87 Wis. 387, 58 N. W. 772; *Groth v. Thomann,* 110 Wis. 488, 86 N. W. 178; *Upthegrove v. Jones & A. C. Co.* 118 Wis. 673, 96 N. W. 385; *Banderob v. Wis. Cent. R. Co.* 133

Wis. 249, 113 N. W. 738; *Van de Bogart v. Marinette & M. P. Co.* 127 Wis. 104, 106 N. W. 805; *Chybowski v. Bucyrus Co.* 127 Wis. 332, 106 N. W. 833; *Peake v. Superior,* 106 Wis. 403, 82 N. W. 306.

For the respondent there was a brief by *W. B. Quinlan,* attorney, and *P. H. Martin,* of counsel, and oral argument by *Mr. Martin.*

Among other references upon the part of the respondent were the following: *Neilon v. Marinette & M. P. Co.* 75 Wis. 579, 44 N. W. 772; *Chopin v. Badger P. Co.* 83 Wis. 192, 53 N. W. 452; *Anderson v. Chicago B. Co.* 127 Wis. 273, 106 N. W. 1077; *Stork v. Charles Stolper C. Co.* 127 Wis. 318, 106 N. W. 841; *Horn v. La Crosse B. Co.* 123 Wis. 399, 101 N. W. 935; *Thompson v. Edward P. Allis Co.* 89 Wis. 523, 62 N. W. 527; *Taylor v. C. & N. W. R. Co.* 103 Wis. 27, 79 N. W. 17.

TIMLIN, J.     There is evidence tending to support the following facts: The plaintiff was between sixteen and seventeen years old at the time of his injury, a dull-witted farm lad without mill experience and wholly illiterate. Besides his farm experience he had worked about a month in a lumber camp and about another month for the defendant, piling blocks in its pulp mill. The defendant had ample opportunity to know his incapacity and lack of experience prior to June 10, 1906. On the date last mentioned, about 6 o'clock in the morning, after the plaintiff had worked all night and was about ready to go home, the superintendent of defendant ordered him to "oil the machine." At this time there was in sight a covered box projecting somewhat above the mill floor containing shafts, journals, and cogwheels in operation which were creaking and smoking, apparently heated on account of lack of oil. No warning or instruction was given. The superintendent immediately went away. The plaintiff raised the cover of the box, and, evidently grop-

ing or fumbling around within the box with an oil can in his hand for the purpose of finding the place in which to put the oil, his clothing accidentally came in contact with the cog-wheels and he was drawn in and severely injured.

Defendant's counsel attempts to support the first error assigned by a claim that the evidence of the plaintiff to the effect that he was directed by the superintendent to oil the machine is incredible or impossible, against all reasonable probabilities, and to support this claim points, first, to the denial by the superintendent that he gave such order, and, second, that the superintendent and other witnesses show that at the time of the accident, which the plaintiff testifies occurred immediately after that order, the superintendent was at a distance of about twenty rods from the mill. He also presents argumentative deductions from other items of evidence in support of this position. The evidence is, however, without contradiction that the superintendent was in the mill that morning about half-past 5 o'clock and shortly before the plaintiff was injured, and saw the plaintiff. We find nothing to contradict the plaintiff's statement that the box gearings were squeaking and smoking, and it is quite certain that the plaintiff did attempt to oil them. The exact time of the injury or that of the superintendent's visit to the mill is not very clearly shown, and is rather an estimate, so that as an *alibi* the evidence on this point in rebuttal of plaintiff's claim is rather weak and inconclusive. There may be some improbability in the testimony of the plaintiff to the effect that the superintendent told him to oil the machine, because of plaintiff's age and inexperience, and because there was another workman (not then present, however) who was charged with the exclusive duty of oiling the machine, but this would be matter going to the credibility of the witness and was for the jury. We cannot say there was no evidence to go to the jury on this point. Under proper instructions the jury found that the plaintiff had a right to understand,

and did understand, that the above-mentioned order of the superintendent included oiling the machinery in the box mentioned. This was an inference of fact which the jury might draw. Neither do we think that the danger which might be incurred in oiling this machinery was so obvious to a person of plaintiff's age, understanding, and inexperience as to either relieve the master of his duty to warn as matter of law or to charge the plaintiff as matter of law with contributory negligence.

There was probably evidence upon which the jury might. have found in favor of the defendant upon either of these propositions, but in our view of the case there was sufficient in the evidence to support a verdict upon these points such as the jury rendered. *Chopin v. Badger P. Co.* 83 Wis. 192, 53 N. W. 452; *Van de Bogart v. Marinette & M. P. Co.* 127 Wis. 104, 106 N. W. 805. The notion that *Chopin v. Badger P. Co., supra,* has been in some way shaken or overruled is erroneous. Like all precedents in negligence cases, it is necessarily limited to the points actually decided upon the facts then before the court. But the precedent established by that case has stood the test of time unshaken and unimpeached. We find no ground upon which the instant case could be properly taken from the jury. Several exceptions are taken to portions of the charge to the jury. The first relates to a statement to the jury of the plaintiff's testimony, and somewhat confuses the claim of plaintiff made through his counsel as argumentative deductions from facts with the facts themselves. But we are not convinced that this slip was prejudicial. The next alleged error in the instructions is in relation to the second question of the special verdict, where the instructions, among other things, told the jury:

"You will consider everything, and if as a whole it convinces you to a reasonable certainty that the plaintiff's contention as to that fact is right, then you must decide the question and answer in his favor—answer the question in the affirmative."

This is criticised on the ground that thereby the jury were informed of the result of their answer; that is to say, an affirmative answer would be in plaintiff's favor. This sentence of the charge is no doubt subject to criticism, but it does not go so far as "to inform the jury expressly or by necessary implication of the effect of an answer or answers . . . upon the ultimate right of either party litigant to recover." *Banderob v. Wis. Cent. R. Co.* 133 Wis. 249, 113 N. W. 738. The portion of the charge under consideration rather falls within the rule of *Bauer v. Richter,* 103 Wis. 412, 79 N. W. 404, where such error was held not prejudicial, or *Lyttle v. Goldberg,* 131 Wis. 613, 111 N. W. 718, where the information to the jury was thought to reach the ultimate effect of the answers, yet because it was quite apparent that the jury must have otherwise known just what the court informed them of was held not prejudicial. Exception was taken to a portion of the charge which reads as follows:

"Now, this does not mean whether the plaintiff had intelligence, experience, instruction enough to enable him to see that there were cogwheels in that box on these shafts and that they were revolving, and that if he got his hands or his clothing in between them that some danger, some injury, might result from them. But the question is: Did he have such instruction, experience, or intelligence as to enable him to appreciate, to comprehend, the danger of this thing happening to him from what he saw?"

Considering the words "the danger of this thing happening to him" as equivalent to the danger of getting his hands or clothing caught in the gearing, this instruction was correct and within the rule of *Chopin v. Badger P. Co., supra.* It is the same idea clothed in different words.

We cannot approve the remarks of plaintiff's counsel in the presence of the jury to the effect that "the Travelers' Surety Company stands back of the defendant in this case." But, although irrelevant as argument, these words were ut-

tered in presence of the jury in an argumentative objection to the proposal of defendant that the plaintiff be required to submit to examination as to the extent of his injuries by one Dr. Redelings, claimed by the plaintiff's counsel to be the examining physician for the Travelers' Surety Company. Hence we are unable to say that, irrelevant and improper as the remark was, it was made with intent to influence the jury against the defendant. That it had this effect is hardly possible, because the remarks made were in the presence of the jury disapproved by the court, and they were merely argumentative, not a deliberate offer of evidence as in *Chybowski v. Bucyrus Co.* 127 Wis. 332, 106 N. W. 833. We think the error was not prejudicial.

We find no error in the form of the special verdict. The fourth question of that verdict was as follows: "Had the plaintiff the right to and did he understand that said order included the machinery in said box?" This is objected to as double, and *Peake v. Superior,* 106 Wis. 403, 82 N. W. 306, is cited to support the objection. Had the question been answered in the negative there might have been some ground for criticism, but the affirmative answer presents no duplicity, but asserts the existence of both conditions mentioned in the question. The whole jury must have found the existence of both conditions in order to answer this question in the affirmative. *Brunette v. Gagen,* 106 Wis. 618, 82 N. W. 564. We cannot attempt to review in detail the evidence of the extent of plaintiff's pain, suffering, or injury. Suffice it to say that the injury was inflicted under most distressing circumstances of physical and mental suffering, drawing the plaintiff into the cogwheels so as to stop the machine, which had to be taken apart in order to extricate him. He was unconscious for some time, his ear was torn from his head, the side of his face disfigured, his arm broken, and he was in the hospital for a time, and since has been and is subject to pain and fits or spasms somewhat re-

sembling epileptic fits which we cannot say are not in consequence of the injury in question. The damages are no doubt high, but we think not so excessive as to indicate either passion or prejudice on the part of the jury. *Donovan v. C. & N. W. R. Co.* 93 Wis. 373, 67 N. W. 721.

*By the Court.*—The judgment of the circuit court is affirmed.