Novak, Respondent, vs. Nordberg Manufacturing Company, Appellant.

*December 10, 1909—January 11, 1910.*

*Master and servant: Injury to inexperienced servant: Duty to instruct: Contributory negligence: Instructions to jury: Credibility of witnesses.*

1. With no experience, as defendant knew, in machinery save in the operation of an electric traveling crane, and without instruction as to his duties or warning as to the dangers, plaintiff was set to assist the operator of a machine for boring steel in defendant's factory. The power for the machine was turned on or off by moving gear wheels on their shafts, but there was no mechanism for doing this other than a raised rim or bead, not particularly noticeable to an inexperienced person, on the hub of the wheel, which the employee was expected to take hold of with his fingers. Upon evidence tending to show that plaintiff was ordered by the operator to pull off the gears and made an attempt to do so; that he told the operator that he did not know how, and was again ordered to throw them off, but was given no instructions; and that in attempting to do so by taking hold of the circumference of one of the wheels his fingers were caught and crushed in the cogs, it is *held* that it was a question for the jury whether defendant was negligent in failing to give proper instruction or warning as to the danger.

2. The question whether plaintiff was guilty of contributory negligence was also, upon such evidence, for the jury.

3. The jury were properly instructed in such case that the presumption in case of an adult employee is that he has sufficient intelligence to comprehend the dangers of his employment, but where there is ignorance, inexperience, or lack of intelligence on the part of the employee, which is or ought to be known to the master, and which tends to prevent the employee from comprehending the dangers, it is the duty of the master to properly instruct and warn the employee thereof.

4. An instruction, requested by defendant, that if plaintiff did not tell the operator that he did not know how to pull off the gears the verdict must be for the defendant, was properly refused.

5. While it is proper to instruct the jury that in weighing the testimony of a party they should consider his interest, this ought to be done in connection with a general instruction that considerations of interest, appearance, manner, and the like apply to the party in common with all other witnesses; and the jury should not be told that the testimony of a party is looked upon with distrust and suspicion.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge.  *Affirmed.*

Personal injuries.  Plaintiff was a young man without education, twenty-three years of age in the spring of 1906.  He had worked in various capacities since he was thirteen years of age, first in a brush factory at a foot-power machine, then driving a team, and afterwards for nine months running an electric traveling crane in the shop of the Vilter Manufacturing Company.  Then he returned to driving a team, and finally in 1906 he went to work for the defendant corporation in its machine shop.  He was on the night gang, and was set to work operating a traveling crane, and continued at that work for several weeks.  On the night of July 28, 1906, the foreman told him to go and help one Hagan, who was operating a large machine, in the nature of a lathe, called a "boring bar," and used for the purpose of boring out cylinders for steam engines.  He was told to do what Hagan told him to do. He testified that he had not worked on this machine before. He helped to set up the job on the machine, tighten the bolts, etc., and set the machine in motion, after doing which both Hagan and plaintiff sat down till the cut was nearly through.

On one end of the machine are two cogwheels meshing together called the feed gears, the lower one being the larger and weighing about eighteen pounds, and the upper one nine pounds.  These wheels move slowly, but the rate of speed is not given.  They are about breast high and are on horizontal shafts which project outward from the machine several inches. These gear wheels, when moved forward towards the body of the machine upon their respective shafts, become attached to the shafts by means of a small projection on the shaft over which a corresponding opening in the hub of the wheel easily slips, and when the power is desired to be thrown off they are pulled outward and slip off from the projection to the outer part of the shafts and revolve idly.  There is no mechanism to pull off or throw off these gear wheels except that there is a projection or bead around the outside of the outer edge of the

hub of the wheel which the employee is expected to take hold of with his fingers and pull towards himself, thus pulling the wheel itself off from its engagement with the shaft and stopping the application of power. The plaintiff was not shown how to throw off the feed gears by any one and had never seen it done.

When the cut was nearly done, Hagan, who was at the other end of the machine, told plaintiff to go and pull off the feed gear. Plaintiff testified that he went and tried and could not, and told Hagan that he did not know how, and then Hagan told him to go and do it if he wanted to keep his job. This latter fact is denied by Hagan, but it is admitted that Hagan told him to pull off the gear and that he did not tell him how. Plaintiff attempted to pull off the gear by taking hold of the upper part of the circumference of the larger wheel and pulling towards himself. While doing so his right hand was drawn between the gear wheels, and before he could get it out the fingers of his hand (except half of the forefinger) as well as a part of the palm were crushed and destroyed.

The defendant's motion to direct a verdict was denied, and a general verdict for the plaintiff for $6,500 was rendered, and from judgment thereon defendant appeals.

C. H. Van Alstine, for the appellant.

For the respondent there was a brief by Doe & Ballhorn, and oral argument by J. B. Doe.

WINSLOW, C. J. Upon the general contentions that there was no negligence in failing to instruct, and that there was contributory negligence shown as matter of law, the case is a close one, but we have reached the conclusion that upon both propositions the ruling of the trial court must be sustained.

The plaintiff had no experience in machinery save in the operation of an electric traveling crane, and this was evidently known to his employer. He was set to work to assist the operator of the boring bar without instruction as to his duties or

warning as to the dangers. He was sent to pull off the feed gears without instruction. How rapidly these gears revolved does not appear—presumptively rather slowly, as the machine was boring steel; but in any event it seems that it was not very obvious to an inexperienced person how the operation of "pulling off" the feed was to be performed. The raised rim or bead on the hubs, by which it is said they should be pulled off, was not particularly striking or noticeable, nor do we think it would necessarily occur to an inexperienced employee that this raised projection was made for the purpose of pulling off the gear wheel. Probably it seemed to the trial court, as it impresses us, that this arrangement was rather a crude and singular way of accomplishing the purpose, and that if such an arrangement is used there is certainly room to say that an utterly inexperienced employee is entitled to instruction when he is required to pull off the gears, and that a failure to instruct may be negligence.

Upon the claim of contributory negligence it is said that in placing his hands on the outer edge of the lower cogwheel while it was in motion he was plainly doing what no man of any degree of intelligence would do without foreseeing the probable injury, and that even a child would foresee the danger. Doubtless he knew that if his fingers went between the cogwheels they would be crushed; but must it be said as matter of law that he, with his known lack of experience, was bound to know and appreciate the danger of his hand being drawn between the cogs when he took hold of the wheel? *Chopin v. Badger P. Co.* 83 Wis. 192, 53 N. W. 452; *Wankowski v. Crivitz P. & P. Co.* 137 Wis. 123, 118 N. W. 643. We think not. The jury were entitled to believe that when he was first sent to throw off the gears he came back to Hagan and told him he did not know how to do it, and that Hagan again, without instruction, told him to throw them off, with a threat of discharge if he did not do so. Was he not then entitled to believe, or would he not naturally infer, that the gears must

move very easily, and that a mere touch would accomplish the purpose? As said before, the inference is that the wheels were moving slowly. Now, if he inferred that the pulling off must be very easy, and he saw nothing in the way of a contrivance or apparatus by which he could do so, what more natural than to suppose that, in view of the slow motion, there would be little if any risk of injury in grasping the wheel itself, on the assumption that it must be so arranged as to at once yield to a trifling pull?

In view of his known inexperience, his entire lack of instruction, his being sent back after telling his immediate superior that he did·not know how, and the rather obscure method by which it was expected the task would be performed, we do not feel that it can be said as matter of law that the plaintiff was guilty of contributory negligence in taking hold of the wheel.

An instruction was requested and refused to the effect that the plaintiff was interested in the result of the trial "to such an extent that testimony given by him in person in his own favor is in the law looked upon with distrust and suspicion, and you must carefully scan and weigh it to the end that it be given no more than its just and true weight." The refusal is alleged to be erroneous, but it is plainly not so. It is not the law of this state, if indeed it be the law in any jurisdiction, that the evidence of a party is looked upon with distrust and suspicion. On the contrary, this court has frequently held that while it is proper to call the attention of the jury to the interest of a party in weighing his testimony, still that should be done in connection with a general instruction that considerations of interest, appearance, manner, etc., apply to the party in common with all other witnesses. *Schutz v. State,* 125 Wis. 452, 104 N. W. 90; *Anderson v. State,* 133 Wis. 601, 114 N. W. 112; *Kavanaugh v. Wausau,* 120 Wis. 611, 98 N. W. 550. In the present case the court gave a general instruction to the effect that in considering the weight of his testimony the plaintiff's interest should be considered and a like

test applied to any other interested witness.    This covered the subject.

The court charged the jury in effect that the presumption in case of an adult employee is that he has sufficient intelligence to comprehend the dangers of his employment, but that if there is ignorance, inexperience, or lack of intelligence on the part of the employee, which is or ought to be known to the master, and which tends to prevent the employee from comprehending the dangers of his employment, it is the duty of the master to properly instruct and warn the employee of the dangers to be apprehended.    It is not claimed that this is an incorrect abstract statement, but it is claimed that there is nothing in the evidence tending to show that the plaintiff was not a man of ordinary intelligence and hence the instruction was erroneous in this case.    Certainly there is ample evidence of the fact of general ignorance and inexperience and ample evidence that the employer ought to have known of them.    As to lack of ordinary intelligence, it seems clear that, if (as the jury were entitled to find) the plaintiff returned to Hagan and told him he did not know how to throw off the gears, there was a concrete fact which should have raised in Hagan's mind a serious question as to the plaintiff's intelligence.    Appellant contends that this fact could only tend to show inattention or want of thought.    But inattention or want of thought often springs from lack of intelligence; and it would seem that if inattention or want of thought *was* suggested by the act, then all the ordinary and usual causes of inattention or want of thought should have been suggested also.

Finally, it is contended that instructions should have been given to the effect that if plaintiff did not tell Hagan that he did not know how to pull off the feed gear the verdict must be for the defendant.    This would hang the whole case on this one disputed fact, which we think would not have been correct.

*By the Court.*—Judgment affirmed.

KERWIN, J., dissents.