SCHWEIKERT, by guardian *ad litem,* Respondent, vs. JOHN
R. DAVIS LUMBER COMPANY, Appellant.

*February 23—March 15, 1911.*

*Master and servant: Personal injury: Unguarded "gearing:" Statute
construed: Evidence: Competency of expert: Line of duty: Con-
tributory negligence: Excessive damages.*

1. Upon the question of the practicability of guarding a sprocket
   wheel attached to the front end of a resawing machine, a fac-
   tory inspector who had had much experience in examining simi-
   lar machinery for the purpose of determining its safety, had
   seen such machinery guarded in factories, and had ordered it
   guarded in other factories, was fully qualified to testify as an
   expert.
2. An employee in a sawmill, hired primarily to clean up around a
   resawing machine and assist in taking away material from it,
   having been directed by the foreman in charge of the mill to do
   the work of feeding the machine when the regular feeder wished
   him to and needed him, was engaged in the line of his duty
   when injured while obeying such direction.
3. A sprocket wheel and chain used in transmitting power from a
   shaft to a roller in a resawing machine is within the statute,
   (sec. 1636*j,* Stats. 1898) requiring "all belting, shafting and
   gearing" so located as to be dangerous, etc., to be securely
   guarded or fenced.
4. Proof that such sprocket wheel was located just at one side and
   near the front of the machine and right above the table on
   which slabs were fed, and was in close proximity to the place
   where the feeder worked, was sufficient to sustain a finding by
   the jury that it was so located as to be dangerous to employees
   in the discharge of their duties.
5. Where the law requires some particular thing to be done by a
   person to secure the personal safety of others, a failure to per-
   form such duty constitutes actionable negligence at the suit of
   a person of the class designated who is injured by such failure,
   without contributory negligence on his part.
6. Evidence showing, among other things, that plaintiff was only
   eighteen years of age, that he had been employed but a short
   time in a sawmill, that his work was mainly cleaning up around
   the saw, that he was not instructed how to feed the machine
   and had paid little attention to the way others did it, and that
   having taken the place of the regular feeder he tried to pull a

slab toward the machine, but the slab stuck, and when he pulled harder it came fast and his glove came in contact with the sprocket wheel and drew his hand in,—is *held* to sustain a finding by the jury that he was not guilty of contributory negligence.

7. An award of $2,800 to a young man eighteen years old, for an injury resulting in the loss of the forefinger and partial crippling of the middle finger of the left hand, though regarded as large, is sustained on appeal, the trial court having refused to reduce it.

APPEAL from a judgment of the circuit court for Price county: JAMES WICKHAM, Judge. *Affirmed.*

This action was brought by plaintiff, a minor, to recover damages for personal injuries. The complaint alleges that plaintiff was a minor and inexperienced, and that a sprocket wheel and chain where he was working were unguarded, contrary to law and the duty of the defendant, and that plaintiff was not warned concerning the dangers incident to his work and did not know of them.

The answer puts in issue the allegations of the complaint and alleges that plaintiff was injured while engaged voluntarily in work outside of his employment and contrary to orders; also alleges contributory negligence and assumption of risk. The jury returned the following verdict:

"(1) Was the sprocket wheel on which plaintiff was injured so located as to be dangerous to employees in the discharge of their duties? *A.* Yes.

"(2) Was it practicable, in the efficient operation of the resaw, to securely guard such sprocket wheel? *A.* Yes.

"(3) Would such a guard have lessened the danger, if any, to the plaintiff in feeding the resaw? *A.* Yes.

"(4) Did the defendant fail to exercise ordinary care in failing to securely guard said sprocket wheel? *A.* Yes.

"(5) Was the failure of the defendant to securely guard said sprocket wheel the proximate cause of plaintiff's injury? *A.* Yes.

"(6) Did the defendant's foreman, Oscar Rasmussen, before the time when plaintiff was injured, direct the plaintiff

to feed the resaw whenever he should be requested to do so by the person who usually fed that machine?   *A.* Yes.

"(7) Was the plaintiff, at and prior to the time of his injury, inexperienced and ignorant of the dangers incident to the work of feeding the resaw?   *A.* Yes.

"(8) If you answer question number 6 'Yes' and also answer question number 7 'Yes,' then did Oscar Rasmussen, at the time of giving such instructions, know that plaintiff was inexperienced and ignorant of such dangers?   *A.* Yes.

"(9) If you answer question number 8 'Yes,' then did Oscar Rasmussen fail to exercise ordinary care in failing to warn plaintiff of such dangers?   *A.* Yes.

"(10) If you answer question number 9 'Yes,' then was such failure to warn plaintiff of such dangers the proximate cause of plaintiff's injury?   *A.* Yes.

"(11) Was the plaintiff, prior to the time of his injury, chargeable with notice that on account of his inexperience he might probably be injured in attempting to feed the resaw? *A.* No.

"(12) Did any want of ordinary care on the part of plaintiff contribute to produce his injury?   *A.* No.

"(13) If the court should determine that the plaintiff is entitled to judgment on this verdict, at what sum do you assess the plaintiff's damages?   *A.* \$2,800."

Motions were made by defendant for nonsuit, directed verdict, for judgment notwithstanding the verdict, to change the answers of the jury in the special verdict and for judgment in its favor on the modified verdict, and for a new trial.    These motions were respectively denied and judgment ordered for plaintiff on the verdict, which was entered, from which this appeal was taken.

For the appellant there were briefs by *Barry & Barry,* and oral argument by *J. S. Barry.*

For the respondent there was a brief by *W. H. Frawley & T. F. Frawley,* and oral argument by *W. H. Frawley.*

KERWIN, J.    It appears from the record that the plaintiff at the time of the injury was eighteen years old and em-

ployed at work feeding material into a resaw machine which was operated by sprocket chains; that the sprocket wheel on which plaintiff was injured was operated on a shaft at the front of the machine, and in feeding the machine it was necessary to push the slabs which were being resawed under the shaft and sprocket wheel; that the work required close and constant attention; that the sprocket wheel was unguarded; that while plaintiff was so engaged he was injured by having his hand caught in the sprocket wheel. A model of the machine was put in evidence and is before us. The machine consisted of a feed table about two and one-half feet above the floor, in which were live rollers, at the front end of which a dead roller was located, and at the rear end of which was a horizontal bandsaw. A heavy press roll was situate over the table just in front of the saw, which was set into a movable frame, the press roll working up and down to accommodate the thickness of the slabs which were being fed to the saw. This press roll was caused to revolve by means of sprocket wheels and chain, one sprocket being on the press roll and the other located at the front end of the machine. The power came directly from a small shaft which was held between two upright posts located at the extreme front and on either side of the feed table. The shaft was set in boxes placed at the end of the framework which held the press roll. The front sprocket wheel, being the one on which plaintiff was injured, was placed at the left side of the machine, directly above the dead roller and at the front end of the feed table. The operator stood in front of the machine in a space about two and one-half feet between the feed table and a set of rollers on which material was brought to the resaw. At the time of the injury the plaintiff was feeding a slab to the resaw and had his right hand below and his left on the top of the slab and was pulling the slab toward the machine. The slab came rather fast, with a jerk, and caught his hand between the sprocket wheel and slab. He had gloves on, and the

glove caught first between the slab and sprocket wheel and his hand was pulled in.

1. Error is assigned on the admission of the evidence of one T. A. Walby as an expert witness on the question of the practicability of guarding the sprocket wheel, and it is claimed that the witness had not shown himself qualified to testify. The evidence shows that Walby was a factory inspector and had had quite large experience in examination of similar machinery with a view of determining its safety, and testified that he had seen similar machinery in factories guarded, and that such machinery could be guarded, and that he had ordered it guarded in other factories. His knowledge was based upon actual experience in the inspection of sprocket wheels and shafting similar to those in question in factories in northwestern Wisconsin. He was fully qualified to testify as an expert, therefore no error was committed in admitting his evidence. *Kath v. Wis. Cent. R. Co.* 121 Wis. 503, 99 N. W. 217; *Bucher v. Wis. Cent. R. Co.* 139 Wis. 597, 120 N. W. 518; *Miske v. Thom,* 144 Wis. 178, 128 N. W. 858.

2. It is claimed that the plaintiff was not engaged in the line of his duty when injured; that he was employed to clean up around the resaw and assist the regular man in taking away material from it. But there is credible evidence that he was instructed to take the place of the fellows at the saw when necessary, and that the foreman saw him feeding the machine about two hours before he was injured; that the foreman told him to do the work of feeding when the feeder wanted him to and needed him. The plaintiff was corroborated by other evidence, so there is sufficient evidence that at the time of the injury plaintiff was engaged in the line of his duty. The foreman who directed him had charge of the mill and his orders were binding upon the defendant. *Johnson v. Ashland W. Co.* 71 Wis. 553, 37 N. W. 823; *Button*

*v. C., M. & St. P. R. Co.* 87 Wis. 63, 57 N. W. 1100; *Wagner v. Plano Mfg. Co.* 110 Wis. 48, 51, 85 N. W. 643.

3. As to necessity of guarding the sprocket wheel, if we understand the argument of counsel for appellant correctly they contend that the evidence does not show a case requiring the defendant to guard the sprocket wheel in question, and yet they seem to concede that this court has so held under similar facts. They say, "The question first arises as to whether a sprocket wheel, having a chain running over it, is included within the classification set forth in the statute," and after discussing the definition of "gear" and "gearing" they say, "In fairness, we would add that in two cases that have come to our attention the court has, without dispute, regarded chain wheels as coming within the statute," citing *Klatt v. N. C. Foster L. Co.* 97 Wis. 641, 73 N. W. 563; *Berg v. U. S. L. Co.* 125 Wis. 262, 104 N. W. 60.

The statute (sec. 1636*j*, Stats. 1898) requires that "all belting, shafting, gearing, . . . which are so located as to be dangerous to employees in the discharge of their duties shall be securely guarded or fenced." Under the provisions of this statute and the decisions of this court we think it clear that the sprocket wheel and chain in question came within the classification designated by the statute, and if so located as to be dangerous to employees in the discharge of their duties should be securely guarded or fenced. *Klatt v. N. C. Foster L. Co., supra; Berg v. U. S. L. Co., supra.*

This court has held that, where the law requires some particular thing to be done by a person to guard the personal safety of others, a failure to perform such duty constitutes actionable negligence at the suit of the person of that class injured by such failure of duty without contributory negligence on his part. *Sharon v. Winnebago F. Mfg. Co.* 141 Wis. 185, 124 N. W. 299; *Smith v. Milwaukee B. & T. Exch.* 91 Wis. 360, 64 N. W. 1041; *Stafford v. Chippewa Valley*

*E. R. Co.* 110 Wis. 331, 359, 85 N. W. 1036; *Van de Bogart v. Marinette & M. P. Co.* 132 Wis. 367, 112 N. W. 443; *Hoffman v. Rib Lake L. Co.* 136 Wis. 388, 117 N. W. 789; *Miller v. Kimberly & C. Co.* 137 Wis. 138, 118 N. W. 536; sec. 1636*j,* Stats. (1898).

The jury found that the sprocket wheel in question was so located as to be dangerous to employees in the discharge of their duties, and that the plaintiff was injured by it without contributory negligence while engaged in the line of his duty. These findings are supported by the evidence and make a case against the defendant.

4. It is further insisted by counsel for appellant that the plaintiff was guilty of contributory negligence as a matter of law. The element of assumption of risk having been removed from the case under the statute, sec. 1636*jj,* Stats. (Supp. 1906: Laws of 1905, ch. 303), which provides in effect that if it appear that the injury was caused by the negligent omission of the employer to guard or protect his machinery or appliances the fact that the employee continued in such employment with knowledge of such omission does not operate as a defense (*Monaghan v. Northwestern F. Co.* 140 Wis. 457, 122 N. W. 1066; *Miller v. Kimberly & C. Co., supra; Klotz v. Power & M. M. Co.* 136 Wis. 107, 116 N. W. 770), the only remaining question under this head is whether the plaintiff was guilty of contributory negligence. The jury found that he was not, and we are convinced that there is ample evidence to support the finding. There is evidence that plaintiff's first employment in a sawmill was the time he went to work for the defendant in July previous to the injury, and that his work was mainly cleaning up around the saw; that he was not instructed how to feed the machine, and that he paid little attention as to how it was done while others were feeding. Moreover, at the time of the injury he tried to pull the slab which he was about to feed into the machine, but it stuck, and when he pulled it harder it came fast and his hand was caught. In view of the boy's age, experience,

and lack of instructions, which there is evidence tending to show, the question of contributory negligence was for the jury. *Keena v. Am. B. T. Co.* 144 Wis. 231, 128 N. W. 858; *Schumacher v. Tuttle P. Co.* 142 Wis. 631, 126 N. W. 46; *Gierczak v. Northwestern F. Co.* 142 Wis. 207, 125 N. W. 436; *Novak v. Nordberg Mfg. Co.* 141 Wis. 298, 124 N. W. 282; *Wankowski v. Crivitz P. & P. Co.* 137 Wis. 123, 118 N. W. 643; *Chopin v. Badger P. Co.* 83 Wis. 192, 53 N. W. 452.

5. It is lastly argued by counsel for appellant that the damages found by the jury are excessive. It is true they are large in view of the extent of the injuries as appears from the evidence. As we view the evidence we would be better satisfied with a smaller verdict. However, the court below on motion for new trial refused to reduce the damages, and after a careful examination of the record we do not feel justified in disturbing the verdict. We think that the findings of the jury have support in the evidence and that no prejudicial error was committed on the trial below.

*By the Court.*—The judgment of the court below is affirmed.