JOHN FECHNER, Appellant, v. M. B. FINSETH, Respondent.

(179 N. W. 701.)

**Vendor and purchaser — contract construed to be for the sale and purchase of land and not an option.**

1. A written contract with reference to the sale and purchase of a certain tract of land described in it, and which is entitled an "Earnest Money Contract of Sale," examined and *held* to be a contract, in fact, for the sale and purchase of the land, and is, in nature and effect, a contract for deed.

**Judgment — judgment notwithstanding verdict for plaintiff held reversible error.**

2. The action was one to recover damages for breach of contract. Plaintiff had verdict for $125. The setting aside of the verdict of the jury by the court, and granting judgment for costs for the defendant notwithstanding the verdict, and for a dismissal of the action, for reasons stated in the opinion, are *held* to be reversible error.

**Evidence — oral evidence as to purchaser's possession under written contract held admissible.**

3. The written contract being silent on the question of possession, for the reasons and under the authority cited in the opinion, oral testimony with reference thereto was properly received.

Opinion filed October 12, 1920.

Appeal from a judgment of the District Court of Burleigh County, *W. L. Nuessle, J.*

Judgment reversed and case remanded.

*Halpern & Rigler,* for appellant.

Where a contract is reduced to writing and the written contract is not complete, parol evidence is admissible to show what part of the contract was omitted. Putnam v. Prouty, 24 N. C. 517; Gilbert Mfg. Co. v. Bryan, 166 N. W. 805.

*F. E. McCurdy* for respondent.

GRACE, J. The action is one to recover damages for $650, from defendant, for breach of contract for sale of certain real property. The plaintiff and defendant entered into a written contract, which, so far as material to this controversy, reads thus:

"Earnest Money Contract of Sale:

"Driscoll, N. Dak., Sept. 30th, 1919. Received of John Fechner, $100 as earnest money, and in part payment of the following described property, situated in the county of Kidder and state of North Dakota, *viz.* [Here, in the contract, follows a description of the property, by metes and bounds] which I have this day, through authorized agent, sold and agreed to convey to said John Fechner, for the sum of $1,200, on terms as follows, *viz.:* $100 in hand paid as above, and $300 Nov. 1st, 1919, $800 Nov. 1st, 1920, payable on or before the dates as above named, or as soon thereafter as a warranty deed conveying a good title to said land is tendered, time being considered of the essence of this contract. The above premises being garage building and lot of Tuttle Auto Company Garage at Tuttle, and is a sale of the complete garage and equipment as at present, all except the stock of goods now on hand in said building.

"And it is agreed that, if the title to said premises is not good, and cannot be made good within sixty days from the date hereof, this agreement shall be void, and the above $100 refunded. But, if the title to said premises is good, in my name, and said purchaser refused to accept, the same said $100 shall be forfeited to the said M. B. Finseth. But it is agreed and understood by the parties to this agreement that said forfeiture shall in no way affect the rights of either party to enforce the specific performance of this contract.

"M. B. Finseth.

"I hereby agree to purchase the said property, for the price and upon the terms above mentioned, and also agree to the conditions of forfeiture, and all other conditions therein expressed.

"John Fechner."

Plaintiff paid the $100 payment mentioned in the contract. Shortly after making the contract he moved his family from Golden Valley to Tuttle, where he rented a house for them. The defendant refused to give plaintiff possession of the garage and fixtures which he purchased.

Defendant claims that plaintiff, by an agreement not included in the written contract, agreed to purchase certain stock of goods, consisting of automobile accessories which were then in the garage. The plaintiff denies any such agreement, and shows, by his testimony, that he was to have possession of the garage as soon as he moved over to Tuttle.

The distance from Golden Valley to Tuttle is about 150 miles. Plaintiff's testimony shows that he expended, for freight, drayage, and moving from Golden Valley to Tuttle, and removing from Tuttle to Hebron, to which place he moved after his failure to get possession of the garage, the sum of approximately $63.

The plaintiff also made two drives, by automobile, from Golden Valley to Tuttle, and during one of the such drives he took his family with him; in other words, moved them from Golden Valley to Tuttle.

The trial court did not allow him to show the value of the use of his automobile for such trips. The question of whether there was any subsequent agreement as to the time when possession should be given was properly submitted to the jury. It returned a verdict in favor of plaintiff, and assessed his damages at $125. This verdict was set aside upon a motion by the defendant, for judgment notwithstanding the verdict, and a judgment of dismissal of the action was entered in defendant's favor, together with costs, allowed in the sum of $15.

Appellant's assignments of error, in substance, are: That the court erred in ordering judgment for the defendant notwithstanding the verdict, and in rendering and entering such judgment; that it erred in refusing to order judgment entered for the plaintiff upon the jury's verdict, and for plaintiff's costs and disbursements. The errors assigned by appellant should be well taken.

The contract in question is not an option contract; it in no way partakes of the nature of an option contract. "In construing a contract of the parties, intention is to be collected not from detached parts of the instrument, but from the whole of it." 9 Cyc. 579, 39 Cyc. 1175–1232.

The contract is definite and certain as to the parties to it, the consideration, the terms of sale, and the description of the land sold. There is nothing indefinite or uncertain in it, with the exception that no mention is made therein with reference to the time when the plaintiff should have possession. Otherwise the contract is complete, and covers and includes the undisputed agreement of the parties. It is nothing less than a contract for deed, executed by the defendant to the plaintiff, whereby the defendant, upon the consideration mentioned therein and the terms therein set forth, sold to the plaintiff the real property described.

The fact that the title of the contract is "Earnest Money Contract of Sale" does not change the nature of the contract. Nor does the fact that the money was received as earnest money affect the nature of the contract, when the whole thereof is considered. By this contract there was a sale of the land by the defendant to the plaintiff. The plaintiff actually purchased the land and paid part of the purchase price, and it became a definite and binding contract, by both parties, according to its terms.

The payment of the $100 as earnest money is the very best evidence of the final and conclusive assent of both parties to the contract. Earnest money, as such, only demonstrates that a contract has been made. Earnest money is not the payment of a certain sum for an option. It is not for the right or privilege to purchase certain goods or property, within a definite time; it is a partial payment for goods or property actually purchased, and with reference to the sale of purchase of which an actual contract has been entered into between the parties, and to which their assent has been given. In this case, the payment of the $100 was a part payment of the consideration, stipulated and agreed to in the written contract, as the selling price of the property in question.

The conclusion is irresistible, that a binding, legal contract, for the sale of the real property above described, was duly and legally entered

into and executed, by and between the parties, and duly delivered.

The agreement with reference to the time of delivery of possession was not covered by the written contract. There is testimony showing that, at or before the execution and delivery of the contract, there was an agreement that plaintiff should have possession of the premises just as soon as he could move over.

The testimony of the defendant was in conflict with this, his testimony tending to show a different agreement with reference to possession. There was a square conflict in their testimony in this regard, and it was a proper question for the jury to determine which, if any, agreement in regard to possession was made between the parties.

This question was submitted to the jury, under proper instructions by the court, and the jury returned a verdict in plaintiff's favor, thereby necessarily determining that question favorably to him.

The written contract being silent on the matter of possession, and it being shown that some agreement was made with reference to possession, it was proper to receive oral testimony to show what the agreement was. By permitting this, no term of the written instrument was varied, as it did not cover that question.

We think it clear that the oral testimony in this regard was properly received. See Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93; Gilbert Mfg. Co. v. Bryan, 39 N. D. 13, 166 N. W. 805.

Mention is made in regard to a certain clause in the contract, which, in substance, is that, if the title to the premises is not good, and cannot be made good within sixty days from the date of the contract, the agreement shall be void, and the $100 refunded; but, if the title is good and in the name of the purchaser, and the purchaser refuses to accept the same, the $100 shall be forfeited; and it is claimed, by reason of that clause, no enforceable agreement existed until after the sixty days had expired. That clause must be read with the entire contract. All the clauses must be considered together, to determine whether a valid, subsisting contract was, in fact, entered into.

There is no testimony showing the title was not good, and that it was good is not in any manner disputed. The defendant does not deny that the title is good, and in his name, and does not claim that he could not deliver title. As the record stands, the presumption must prevail that the title was good and in the name of the defendant, and that he could

deliver good title, and this presumption must prevail from the date of the contract and until the contrary appears.

It is manifest that the court erred in directing the verdict for defendant notwithstanding the verdict, and in dismissing the case. There is no merit in any of the reasons and causes set forth by the defendant as a basis for the motion.

The judgment appealed from is reversed, and the case remanded to the district court, with instructions to set aside the judgment in favor of the defendant, and enter judgment in favor of plaintiff, on the verdict of the jury.

The appellant is entitled to his costs and disbursements on appeal.

CHRISTIANSON, Ch. J., and ROBINSON and BRONSON, JJ., concur.

BIRDZELL, J. (concurring specially). I concur in the foregoing opinion, except the discussion with reference to the admissibility of parol evidence on the question of possession. I express no opinion upon this matter, as it would seem that the verdict is correct even though the parol evidence referred to were not admissible, for, by legal implication, the purchaser was entitled to possession. Hence, in any event, the testimony bearing upon this question was not prejudicial to the defendant.